WALTER M. FERGUSON, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ANNE BELLE FERGUSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 19386, 19380. Promulgated May 16, 1950.

*William Rosenberger, Jr., Esq.*, for the petitioners.
*George J. LeBlanc, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: Walter argues that the tax liabilities for 1943 and 1944 should not be computed upon the basis of single annual returns, but upon the basis of separate annual returns. Unfortunately for him, he filed a single return for each year purporting to report all of the income from the partnership business rather than merely his one-half share. Anne filed no returns for those years, although one-half of the income was hers. The Commissioner has properly accepted and treated the returns filed by Walter as joint returns and has determined no penalties for Anne's failure to file returns for those

years. *Joseph Carroro*, 29 B. T. A. 646. The election thus made by the taxpayers is binding and they are not entitled to have the tax for 1943 and 1944 computed upon the basis of two separate returns for each year. *John D. Biggers*, 39 B. T. A. 480.

The petitioners did not keep regular books of account during the taxable years, but they did have informal records from which acceptable returns could have been prepared. One of the purposes of those records was to keep account of their funds going through their cash register. The accountants, and later the new bookkeeper, did not realize that there was in that portion of the record a duplication of expenditures for some goods, the cost of which was also shown separately at another place in the records. The gross income reported was not out of line, but the deductions reflected the duplications, so that the net was grossly incorrect. That was concededly not a deliberate error on the part of the persons preparing the returns, since the record shows that they were men of good repute. The same may be said of their error in twice deducting the cost of employee's meals. If those two errors had not been made the returns for all years would have been substantially correct.

However, fraud could be found if the taxpayers, or either of them, had brought about those errors with the intention of defrauding the tax collector or, knowing of their existence, had failed to correct them. The evidence is clear that the petitioners, in keeping their accounts, had no intention to defraud anyone in any way. The real question is whether their adoption of and their failure to correct the erroneous returns innocently, if somewhat carelessly, prepared for them, was due to a fraudulent intent to avoid taxes lawfully due.

Their sudden prosperity, alleged ignorance, and reliance upon others not fully informed, are inadequate excuses for their incorrect returns. They should have kept better records and they should have known that the net income reported was substantially less than their actual income from the restaurant. An investigation on their part could easily have disclosed the errors. A strong suspicion that Walter knew his income was more than he was reporting might arise from the record. But suspicion of incredible ignorance or of actual knowledge on his part is not enough. Negligence, careless indifference, or disregard of rules and regulations would not suffice. The petitioners dismissed their responsibility to file proper returns much too lightly. But the Commissioner, to support the fraud penalties, must prove by clear and convincing evidence that the taxpayers, or one of them, intended to defraud him. The evidence is not quite adequate to support that burden. It shows no act intended to defraud and, under all of the evidence, the negligent omissions to eliminate the duplications of deductions are not the equivalent of an intent to defraud.

The final issue has to do with the penalty determined for the alleged failure of Anne to file a return for 1945. The Commissioner makes and could make no sound argument in the light of the evidence. It is unnecessary to decide whether there was a "filing." This would not be the first time that a collector had lost a return. Even if no return was filed, the failure was due to reasonable cause (failure of the mails) and not to willful neglect upon Anne's part, so in no event would the penalty be proper.

*Decision will be entered under Rule 50.*