George C. Dorris v. Commissioner.
Dorris v. Commissioner
Docket No. 22958.
United States Tax Court
1950 Tax Ct. Memo LEXIS 51; 9 T.C.M. (CCH) 964; T.C.M. (RIA) 50262; November 6, 1950
Linwood Connellee, Esq., Central Life Bldg., Ottawa, Ill., and Taylor *52 E. Wilhelm, Esq., for the petitioner. William Schwerdtfeger, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in the petitioner's income tax and additions for delinquency and fraud for the years 1936 to 1944, inclusive, in the following amounts: 25 per cent
50
for de-
per cent
Deficiency
linquency
for fraud
1936
$ 85.35
$21.34
1937
92.56
23.14
1938
178.80
44.70
1939
176.34
44.09
1940
49.78
$ 24.89
1941
436.69
218.35
1942
2,227.86
1,113.93
1943
7,165.09
3,582.55
1944
11,146.49
5,573.25
The issues requiring decision are: (1) whether the returns for the years 1940, 1941 and 1942 were false and fraudulent with intent to evade tax with the result that the statute of limitations is not applicable, (2) whether the taxpayer omitted from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return for the years 1943 and 1944 so that the five-year period of limitation provided in section 275 (c) applies, (3) whether any part of the deficiency for 1943 and 1944 *53 is due to fraud with intent to evade tax within the meaning of section 293 (b), (4) whether the Commissioner correctly determined the petitioner's taxable net income for the years 1943 and 1944, and (5), on the Commissioner's amended answer, whether the petitioner's income for 1936, 1937 and 1939 was greater than the amount determined by the Commissioner. The petitioner, in his reply brief, states that he does not contest the Commissioner's determination for the years 1936 through 1939. Findings of Fact The petitioner filed no income tax returns for the years 1936 through 1939. His returns for the years 1940 through 1944 were filed with the collector of internal revenue for the first district of Illinois. The returns were timely filed for the years 1940 through 1944, except that the return for 1941 was filed on March 16, 1942. The notice of deficiency was mailed February 23, 1949. The petitioner was born in Greece and came to the United States in 1901. His education was limited. He conducted a business in this country for about seven years at the end of which time he sold his business for about $14,500 and returned to Greece. The petitioner married his wife, Helen, in Greece *54 in 1922. They have three children, a son born in 1924, a daughter born in 1927 and a second son born in 1940. The petitioner and his family returned to the United States in 1924. A business venture resulted in bankruptcy in 1931, after which he worked for wages for a short time. He then operated a small lunch room for about two years. He started a confectionary, ice cream and light lunch business in Ottawa, Illinois in the later part of 1934 in leased premises about 20 feet wide and 70 feet deep. He operated that business throughout the taxable years. Most of his capital to start that business was borrowed from his landlord. The petitioner did not keep adequate books or records of his business during any of the taxable years involved herein. He did not deposit all of his receipts from the business in a bank but paid substantial amounts of cash for wages, supplies and living expenses. The petitioner, his wife, and their children lived together during the taxable years, except during the time that the two older children were away from home attending college. They lived in an apartment over the store in 1936 and 1937 and the rent paid to the landlord covered both the apartment and *55 the store. They moved into another apartment in 1938 and then into their own home purchased in 1939 for $4,900. They, thereafter, improved that dwelling. The method of accounting employed by the petitioner during the taxable years did not clearly reflect his income. The Commissioner, in determining the deficiencies, computed the net income of the petitioner on the basis of the increase in his net worth plus living expenses for each year. Some of the savings from the business of the petitioner were given to Helen from time to time. Also, Helen had $12,000 of her own money which was returned to her by her brother in 1935. She turned over to the petitioner, in the summer of 1942, cash amounting to approximately $23,600. The petitioner placed that money in a safe deposit box and thereafter used it to purchase stocks and bonds and for other purposes. The first column in the following table shows the amount of net income for each of the years 1940 through 1944 reported on the returns by the petitioner, the second column shows the net income as determined by the Commissioner, and the third column shows the correct net income for the years 1943 and 1944: Amount
Amount
Net
reported
determined
income
1940
$ 2,773.29
$ 4,564.67
1941
1,239.08
6,512.99
1942
4,257.44
12,052.81
1943
6,534.19
22,870.96
$18,000.00
1944
11,486.56
31,871.56
20,000.00
*56 The petitioner furnished information to a deputy collector who prepared his returns for 1940 through 1943 from that information. The information did not include books, vouchers or substantiating data. The petitioner received interest on savings and loan deposits and dividends on stock in 1944 which he did not report on his return for that year. None of the returns filed for the years 1940 through 1942 was false or fraudulent with intent to evade tax. The petitioner omitted from gross income for each of the years 1943 and 1944 an amount properly includible therein which is in excess of 25 per cent of the amount of gross income stated in the returns. A part of the deficiency for the year 1943 and a part of the deficiency for the year 1944 was due to fraud with intent to evade tax. The stipulation of facts is incorporated herein by this reference. Opinion MURDOCK, Judge: The notice of deficiency was mailed on February 23, 1949 which was so long after the filing of the returns for 1940, 1941 and 1942 that the statute of limitations had run unless the returns for those years were false and fraudulent with intent to evade tax. Section 275 (a) and (c) and section 276 (a), I.R.C. *57 The periods were not extended by waivers. Section 276 (b). The statute places the burden of proof on the Commissioner to show that the returns were false and fraudulent with intent to evade tax. His evidence of fraud must be clear and convincing. M. Rea Gano, 19 B.T.A. 518, 532; Oscar G. Joseph, 32 B.T.A. 1192. The evidence has been carefully considered and, while it raises a strong suspicion that the petitioner must have known that his income was greater than reported and he must have intended to evade tax by the incorrect returns which he filed, neverthless, it is not clear and convincing. Cf. Ned Wayburn, 32 B.T.A. 813. The petitioner realized income during those three years which he did not report, but it is not at all clear how much he received or that he knew approximately how much income he actually realized for any year. He did not consider his living expenses in computing his income and his failure to do so, which accounts for a large part of the difference, is not clear evidence of fraud. He had no adequate and reliable records from which he could determine what his income was He was guilty of gross negligence in reporting his income. *58 Cf. Walter M. Ferguson, Jr., et al., 14 T.C. 846. His credibility as a witness is seriously challenged by inconsistent prior statements with which he was confronted while on the stand. However, the doubt that exists as to his intention to defraud the government must be resolved in his favor. A finding has been made that the returns for the three years were not false and fraudulent with intent to evade tax because the Commissioner has failed to prove otherwise. The result is that the statute of limitations against assessment and collection had run before the Commissioner sent out the notice of deficiency. Therefore, it must be held, as to those years, that there is no deficiency and, consequently, there could be no addition for fraud under section 293 (b). The notice of deficiency was sent out within five years of the filing of the returns for 1943 and 1944 and it has been found as a fact that the taxpayer omitted from gross income an amount properly includible therein which is in excess of 25 per centum of the gross income stated in the return for each of the years 1943 and 1944. Thus, the notice of deficiency went out within the five-year period of limitation provided *59 in section 275 (c). The next issue is whether any part of the deficiency for 1943 or any part of the deficiency for 1944 is due to fraud with intent to evade tax so that section 293 (b) applies. The evidence of fraud in this connection is stronger than that relating to the years 1940 through 1942. In the first place, the spread between the amount reported and the actual income is wider and there is more reason to believe that the petitioner knew his income was substantially greater than the amount which he reported even though no consideration is given to living expenses. The net worth as of the end of 1944 is admitted. The petitioner testified that he received interest and dividends in 1944 whereas his return shows that he did not report any interest or dividends for that year. Also, the evidence shows that the deductions which he claimed on his returns for the years 1943 and 1944 were strikingly similar in amount and those for heat, gas, water, and cartage and express were identical for the two years. It is highly improbable that four deductions of that kind would be identical for two years and a strong inference arises that the returns were not intended to be a true reflection *60 of the expenses actually incurred. The evidence as a whole, including the circumstances just mentioned, is clear and convincing enough to justify a finding that a part of the deficiency for each of the years 1943 and 1944 was due to fraud with intent to evade tax. The remaining question with relation to the years 1943 and 1944 is whether the Commissioner correctly determined the amount of the petitioner's net income for each year. The Commissioner's determination of the amount of the petitioner's net income for each year, based upon an increase in net worth during each year, is presumed to be correct until the petitioner establishes that it is incorrect. The Commissioner was fully justified in determining income by the increase in net worth method. Section 41. Louis Halle, 7 T.C. 245, affirmed 175 Fed. (2d) 500, cert. denied 339 U.S. 949. The petitioner has shown only one error in the Commissioner's computation. It appears that Helen had in her possession substantial amounts of cash, most of which the petitioner had given her in prior years, but a part of which she had received from her father. She turned over to the petitioner in 1942 a large *61 amount of that cash. It is not shown just how much she turned over to him but the best approximateion that can be made on this record is $23,600. It is not clear how much of that cash was put into assets used by the Commissioner in determining net worth at the beginning and end of any year, but it is obvious that some of it seeped in, principally perhaps through the purchase of securities. Here again an approximation has been necessary and the Court has done its best under the circumstances, with the result that the net income, as determined by the Commissioner, has been reduced to $18,000 for 1943 and to $20,000 for 1944. It is possible that the reduction should have been larger, but here the fault lies with the petitioner and the doubt works to his disadvantage. Cohan v. Commissioner, 39 Fed. (2d) 540. The petitioner made a statement in his reply brief to the effect that he no longer contests the Commissioner's determination for the years 1936 through 1939. Therefore, the deficiencies and additions for delinquency for those years must stand unless the Commissioner, in accordance with contentions made in his amended answer, is able to show that his determinations for *62 1936, 1937, and 1939 were lower than they should have been. The evidence does not show that the Commissioner erred in this respect in the determination made in his notice of deficiency. Decision will be entered under Rule 50.