Clarence E. Stewart, et al. v. Commissioner.
Stewart v. Commissioner
Docket Nos. 28637, 31404, 31405.
United States Tax Court
1953 Tax Ct. Memo LEXIS 148; 12 T.C.M. (CCH) 921; T.C.M. (RIA) 53276; August 14, 1953
*148 Upon the facts held, that: (1) Amounts of gross income for years 1946 and 1947 determined. (2) For the year 1945, amounts of business expense deductions under section 23 (a) (1) (A), determined; amount of casualty loss under section 23(e) (3), determined; and two dependency exemptions under section 25 (b), denied. (3) For the year 1946, amounts of business expense deductions under section 23 (a) (1) (A) determined; and two dependency exemptions under section 25 (b) denied. (4) For the year 1947, amounts of business expense deductions under section 23 (a) (1) (A), determined. (5) The respondent has failed to establish that false and fraudulent returns were filed for the years 1943 and 1944, so that determinations of deficiencies for the years 1943 and 1944, are barred by the statute of limitations under sections 275 and 276. (6) The respondent has failed to establish that any part of the deficiency of C. E. Stewart for the year 1946 is due to fraud with intent to evade tax under section 293 (b). Lynn Adams, Esq., 1405 Apco Tower, Oklahoma City, Okla., for the petitioners. John P. Higgins, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: In Docket *149 No. 31404, Clarence E. and Olga L. Stewart (1943), and in Docket No. 31405, Clarence E. Stewart (1944, 1945, 1946, and 1947), the Commissioner has determined deficiencies in income tax and made additions to the deficiencies for fraud as follows: Addition to defic.,
Year
Deficiency
sec. 293(b)
1943
$1,530.90 *
$ 765.45
1944
2,074.88 *
1,037.44
1945
1,052.75
0
1946
706.43
353.22
1947
80.41
0
In Docket No. 28637, Olga L. Stewart, the Commissioner has determined deficiencies in income tax for the years 1945, 1946, and 1947 as follows: Year
Deficiency
1945
$ 44.44
1946
440.44
1947
85.02
The questions to be decided are as follows: (1) Whether income was understated for the years 1946 and 1947. (2) Whether deductions for alleged business expenses under section 23 (a) (1) (A) of the Internal Revenue Code are allowable in the amounts claimed for the years 1945, 1946, and 1947. (3) The amount of a casualty loss deduction for the year 1945 under section 23 (e) (3). (4) Whether the petitioner, Clarence E. Stewart, is entitled to two dependency credits in each year, 1945 and 1946, under section 25 (b) of the Code. (5) Whether the determination of deficiencies for the years *150 1943 and 1944 are barred by the provisions of section 275 of the Code, or whether fraudulent returns for 1943 and 1944 were filed so that, under section 276 (a), the determination of deficiencies for 1943 and 1944 are not barred. (6) Whether any part of the deficiency for the year 1946 is due to fraud with intent to evade tax under section 293 (b) of the Code. Joint returns were filed by the petitioners for the years 1943 and 1944. Separate returns were filed for the years 1945, 1946, and 1947. For the years 1946 and 1947, and for part of 1945, income was reported on a community property basis. All of the returns were filed with the collector for the district of Oklahoma. Findings of Fact The facts which have been stipulated are found as facts. The stipulations of facts are incorporated herein by this reference. The petitioners, during the taxable years, were husband and wife. They resided in Oklahoma City, Oklahoma. They were married in 1942, and they were divorced in 1949. The petitioners filed timely joint income tax returns for the years 1943 and 1944, and separate income tax returns on a community property basis for the years 1945, 1946, and 1947, with the collector for the district *151 of Oklahoma. The Oklahoma Community Property Law became effective July 26, 1945, and the income tax liability of the petitioner, Olga L. Stewart, for the years 1945, 1946, and 1947, is involved only because income for those years was reported by the spouses on a community property basis. Since all of the questions to be decided relate to the petitioner. Clarence E. Stewart, only, he is referred to hereinafter as the "petitioner." The notices of deficiency in Docket Nos. 31404 and 31405, by which deficiencies in income tax for the years 1943 and 1944 were determined, were mailed by the Commissioner on August 24, 1950, which date was more than three years after the respective dates on which the income tax returns for 1943 and 1944 were filed. The petitioner is a certified public accountant. He has been a certified public accountant since 1926, and has been enrolled to practice before the Treasury Department since about 1923. The petitioner has been actively engaged in the practice of public accounting in Oklahoma City since 1932. Prior thereto he was employed by private accounting firms. The petitioner, during the taxable years, did not maintain any books or accounting records in the *152 regular course of his business, reflecting either his business or personal receipts and expenditures. During the years 1943 through 1947, the number of petitioner's clients was small, aggregating from 15 to 20 clients in each year. He maintained a bank account in which he deposited a large part of his fees. The gross receipts of the petitioner from his business for 1943 amounted to $12,906.25; and, for 1944, they amounted to $20,597.00. The petitioners, C.E. and O. L. Stewart, did not file a false or a fraudulent return with intent to evade tax for either 1943 or 1944. The petitioner reports income on the basis of cash receipts and disbursements for the calendar year. The gross receipts of the petitioner from his business for 1946 amounted to $18,512.50. A fee from Ryan and Richards in the amount of $1,000 for services rendered during 1946, was received by the petitioner in January, 1947, rather than in 1946. The gross receipts of the petitioner from his business for 1947 amounted to at least $19,037.58, as the respondent has determined. A fee from Ryan and Richards, in the amount of $1,800, for services rendered during 1947, was received by the petitioner in 1947 rather than in 1948. *153 The respondent did not make a claim for an increase in the deficiency for the year 1947 either before or at the trial of these proceedings. The petitioner incurred and paid entertainment expense and club dues during 1945, 1946, and 1947 in the respective amounts of $123.91, $92.63, and $295.59, which expenditures were ordinary and necessary business expenses. Only part of the use of one automobile owned by the petitioner was for business purposes during 1945, 1946, and 1947. The petitioner incurred and paid during 1945, 1946, and 1947 for the operation of one automobile in his business, and for the expenses of traveling away from home, during 1945 and 1946, in the pursuit of his business not more than the amounts set forth below, which amounts were ordinary and necessary business expenses: Year
Auto Expense
Travel Expense
1945
$287.16
$500.00
1946
349.86
250.00
1947
229.44
0
Mae Shimp and Eve Wilson each did not receive over one-half of her support from petitioner in each year, 1945 and 1946; neither was a dependent of petitioner in 1945 and 1946 within the requirements of section 25 (b) (3). The petitioner owned the house in which he and his wife lived in Oklahoma City. The basement of the house *154 contained a "club" room in which the walls were covered with pine panels and the floor was covered with asphalt tile. The other part of the basement contained a utility room, a lavatory, storage space, and a heating plant. In April, 1945, a heavy rain storm flooded the basement. The flood water damaged, among other things, the lavatory fixtures, and, in the "club" room, the tile flooring, the pine paneling, the mantel, and the furnishings, all of which constituted a casualty loss. The loss was not compensated for by insurance, or otherwise. The difference between the value of the property immediately before and immediately after the casualty was not more than $500. No part of the deficiency for 1946 was due to fraud with intent to evade tax. Opinion All of the issues presented for decision involve factual questions. The petitioner has the burden of proof under every issue except the fraud issues where the burden of proving fraud rests upon the respondent. Section 1112, I.R.C., James Nicholson, 32 B.T.A. 977, affd. 90 Fed. (2d) 978. The findings of fact dispose of the several factual questions, i.e., the amount of petitioner's gross income for 1946 and 1947; the amounts of ordinary *155 and necessary business expenses for automobile expense, travel expense, and club dues and entertainment expense for the years 1945, 1946, and 1947. The findings of fact with respect to these items sustain the respondent's determinations either entirely or in part, and in a few instances, the petitioner's contentions are sustained in part. With respect to the two dependency credits claimed for 1945 and 1946, the petitioner was unable to prove that over one-half of the support of each person claimed as a dependent was received from or paid by the petitioner. The claimed credits are disallowed for failure of proof. The claim for a deduction for a casualty loss under section 23 (e) (3) of the Code, in 1945, has been allowed in part, only. The respondent admits that the damage to petitioner's nonbusiness property in 1945 resulted from a storm within the scope of section 23 (e) (3). The issue is the amount of loss sustained. The evidence establishes, in our opinion, that a loss was sustained in 1945 to the extent of not more than $500, which loss was not compensated for by insurance or otherwise. Petitioner's evidence under this issue is not entirely persuasive. Part of his difficulty of *156 proof is due to the fact that he did not incur and pay expense to repair the damages sustained. Consideration has been given to all of petitioner's evidence under this issue. We are satisfied that loss resulted from the flooding of the basement of petitioner's house to the extent of $500. Cf. Cohan v. Commissioner, 39 Fed. (2d) 540, 544. We cannot sustain petitioner's claim in toto because of the inexactitude of his proof which, to a large extent, consisted of estimates. Petitioner has not established by the competent proof which is required, see Helvering v. Owens, 305 U.S. 468, that the loss sustained amounted to as much as he claims. The Commissioner has determined that there are deficiencies in tax for the years 1943, 1944, and 1946; that the deficiencies are due to fraud with intent to evade tax; and that, therefore, additions to the deficiencies shall be made under section 293 (b). Unless false and fraudulent returns were filed for the years 1943 and 1944, the determination of deficiencies in tax are barred by the provisions of section 275, and the determination of fraud penalties for those years falls under section 293 (b). See section 276 (a). The respondent stresses three *157 circumstances in support of his contention that false and fraudulent returns were filed for 1943 and 1944, and that part of the deficiency for 1946 is due to a fraudulent intent to evade tax: namely, that in each of the three years there was an admitted understatement of gross receipts from petitioner's business; that the omissions in correctly reporting income in income tax returns were repetitious; and that, although petitioner is a certified public accountant, he failed to keep complete, adequate, and accurate accounting records. All of these circumstances give rise to a suspicion that the petitioner knew that his gross receipts in 1943, 1944, and 1946, from his business, were greater than he reported, but the Commissioner, to support fraud penalties, must prove by clear and convincing evidence that the petitioner fraudulently intended to evade tax. Walter M. Ferguson, Jr., 14 T.C. 846, 849; Wiseley v. Commissioner, 185 Fed. (2d) 263; Mitchell v. Commissioner, 118 Fed. (2d) 308, 310; Rogers v. Commissioner, 111 Fed. (2d) 987, 989. In this proceeding, there is no direct evidence of fraudulent intent, and in that situation, fraud must be determined on the basis of all material *158 facts and circumstances which serve to disclose petitioner's true intent. M. Rea Gano, 19 B.T.A. 518, 533; Wallace H. Petit, 10 T.C. 1253. Upon consideration of the entire record, it cannot be found from all of the facts and circumstances that in reporting his gross and net income for 1943, 1944, and 1946, petitioner intended, with a fraudulent intent, to evade tax, or that fraudulent returns were filed. The understatements of gross income in the years in question were due to carelessness in keeping records of all of the fees and of the dates of payments, and of expenses. On the other hand, petitioner had only a comparatively few clients and he relied upon general records of work done, bank records, and his memory, and he received payments of fees at the end of the year on dates which he recalled, inaccurately in some instances, so that he reported in a succeeding year, fees which he, on a cash basis, should have included in the income of the immediately preceding year. The petitioner's errors, omissions, and admitted understatements of income in the years in question were due to negligence. His failure to keep complete and accurate accounting records is a matter for which he is *159 subject to censure, but fraud does not embrace negligence and mistake, and it is not the equivalent of negligence. William W. Kellett, 5 T.C. 608; Harold B. Franklin, 34 B.T.A. 927; L. Glenn Switzer, 20 T.C. - (No. 110, promulgated June 30, 1953). Since the respondent has not established fraud, and since negligence does not constitute fraud with intent to evade tax within sections 293 (b) and 276 (a), the respondent's determinations with respect to fraud with respect to the years 1943, 1944, and 1946 are disapproved. The findings relating to the petitioner's gross receipts for 1947 support an increase in the deficiency for that year, but since respondent has not made any claim for increase in the deficiency, see section 272 (e), it is held that petitioner's gross income for 1947 is the amount determined in the deficiency notice for 1947. Decisions will be entered under Rule 50 in Docket Nos. 28637 and 31405. Decision for petitioners will be entered in Docket No. 31404. Footnotes
*. Joint returns filed by C.E. and O. L. Stewart.↩