OPINION. Harron, Judge: The question to be decided is whether all or part of the deficiency for each of the taxable years was due to fraud with intent to evade tax under section 293 (b), 1939 Code. Under this issue, respondent has the burden of proof. For many years prior to 1941, petitioner had a small income each year in an amount which was not reached by Federal income tax. From 1935 on, he lived in a colored settlement in the small town of Homestead and his acquaintances and activities were confined within that settlement. He was diligent and industrious in pursuing several income-producing activities, patronized exclusively by colored people, which produced income, but he did not have to exercise much skill in anj? of his income-producing activities. As a builder of crude shacks and houses, he was a laborer; as an operator of a small grocery store and two taverns, he dealt in simple merchandise, wine, and beer. In buying beer and wine, he was helped by the salesmen. Operators of a syndicate from outside the town of Homestead provided him with the tickets and the simple accessories for the game, bolita. His customers and tenants were laborers. He could not read, write, add, or subtract. Starting in 1942, he had a boy, then 13 years old, help him with matters that required reading and doing simple arithmetic. His success was due to a large extent to increase in the numbers of colored people in the district where he lived, which resulted from a boom in farming operations and construction work which was brought about by the war economy, and his ability to deal with people. During the period 1942 through 1950, petitioner realized income from his various business activities which was, in some years, fairly substantial. Petitioner did not keep any records of his receipts and disbursements and, until 1949, he did not have any bank account. Prior to the time he opened a bank account, he undoubtedly accumulated and handled a rather large amount of cash. He used a substantial amount of his earnings during the years 1943-1946, inclusive, for the purchase of Government savings bonds. Therefore, he must have known that he had a substantial amount of earnings. When his savings bonds were stolen in June 1948, he was advised by the chief of police that he should have filed income tax returns reporting the income used to purchase bonds. Under all of the circumstances, the question here is, we think, the narrow question whether petitioner, during all of the years involved in this case, had the intent to defraud the Government by calculated tax evasion. That is to say, did the petitioner fail to file income tax returns for each of the years before us with the intent to avoid taxes lawfully due. The Commissioner argues that it is a strong factor in support of his determination of the additions for fraud that petitioner was able to manage business activities to the extent that he did and to accumulate income in each year, as well as assets, in substantial amounts. A strong suspicion that petitioner knew that he was liable for income tax and that he should have filed an income tax return each year might arise from the record. His rather sudden affluence, his alleged ignorance, his failure to go to informed persons who were in a position to help him discharge his obligation to the Government to file returns, report income, and pay taxes are inadequate excuses for his failure to file returns. On the other hand, even though his ignorance of his obligations may appear to have been incredible, the issue must not be decided on the basis of suspicion. Fraud is never to be presumed. The Commissioner, to support the fraud penalties, must prove by clear and convincing evidence that the petitioner intended to defraud the Government. Negligence, careless indifference, or disregard of rules and regulations do not suffice to establish fraud. Walter M. Ferguson, Jr., 14 T. C. 846, 849; E. S. Iley, 19 T. C. 631, 635. Each case must stand on its own facts. Also, in considering whether a taxpayer had the intent to evade tax and to defraud the Government, “the trier of the facts must consider the native equipment and the training and experience of the party charged.” E. S. Iley, supra, at 635. The Court carefully observed the petitioner during tbe trial of this case, and took note of bis demeanor and attitude, of his ability to express himself, and of his understanding of the charges against him in this proceeding. Petitioner’s conduct in failing to file income tax returns for the period involved has been considered in the light of his background, his environment, and his experience in business activities. The whole record has been searched for evidence of intent to defraud. We have kept in mind the approved standards of ascertainment of intent to defraud, and we have considered the decisions of this Court and of other courts involving the same issue. Our conclusion is that petitioner was extremely negligent, careless, and did not use the ordinary degree of care in trying to find out his obligations under law, and in trying to get such assistance as would have enabled him to file income tax returns reporting his income. Nevertheless, the evidence is not quite adequate to support respondent’s burden of proving intent to defraud. It shows no act which is indicative of fraud. Petitioner’s situation was that he was not conscious of his legal obligation to file income tax returns for each year. But his lack of comprehension is not shown to be a positive factor establishing fraud. Petitioner had never filed a Federal income tax return. The record establishes that he did not know that he was required to file returns for the taxable years; and there is no doubt that he lacked the ability to prepare an income tax return. Our ultimate finding of fact upon the entire record is dispositive of the issue. Kespondent has not proved by clear and convincing evidence that petitioner was guilty of fraud. See First Trust & Savings Bank v. United States, 206 F. 2d 97. Decision will be entered under Bule 50.