DONALD W. KINNEY AND DORIS I. KINNEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Kinney v. Commissioner
Docket Nos. 11345-78, 656-79.
United States Tax Court
T.C. Memo 1980-299; 1980 Tax Ct. Memo LEXIS 286; 40 T.C.M. (CCH) 883; T.C.M. (RIA) 80299; August 6, 1980, Filed *286 Petitioner contended that he filed a form 4361 by which he claimed exemption from the self-employment tax as a minister. Respondent denied that petitioner had mailed the form and introduced evidence to support his denial. Held: Based upon all the facts petitioner has failed to show that he mailed the form 4361. Seymour M. Bagal, for the petitioners. Deborah M. Gehring, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By letter dated July 3, 1978 respondent determined a deficiency in petitioners' income *287 taxes due for the taxable year ended December 31, 1976 in the amount of $813.31. By letter dated November 13, 1978 respondent determined a deficiency in petitioners' income taxes due for the taxable year ended December 31, 1977 in the amount of $993.74. Petitioners' petition seeking redetermination of its 1976 deficiency was assigned docket No. 11345-78 and the petition with respect to the 1977 deficiency, docket No. 656-79. Pursuant to a joint motion of the parties the docket numbers were consolidated for trial, briefing and opinion purposes. The only issue herein is whether petitioner Donald W. Kinney filed the form necessary (Form 4361) which would exempt him from the self-employment tax. FINDINGS OF FACT Some of the facts were stipulated and are so found. The stipulation of facts, supplemental stipulation of facts, second supplemental stipulation of facts and exhibits attached thereto, and respondent's submission containing exhibit A (which was admitted into evidence by order of the Court dated March 19, 1980) are incorporated herein by this reference. Petitioners Donald W. Kinney and Doris I. Kinney, husband and wife, were both residents of Indianapolis, Indiana at *288 the time they filed their petitions herein. Petitioners filed timely cash basis returns of income for the taxable years before us with the Memphis Service Center, Memphis, Tennessee. As petitioner Doris I. Kinney is a party hereto solely by reason of having filed jointly with her husband, "petitioner" as used herein shall refer to Donald W. Kinney. Petitioner is a minister of the Church of Christ. Mr. Kinney has been engaged in the active conduct of his ministry continuously since 1957. Petitioner has served at the following places between the dates shown: City
Dates
Salina, Kansas
Aug. 1957-Dec. 1965
Bossier City, Louisiana
Jan. 1966-Apr. 1968
Omaha, Nebraska
Apr. 1968-Nov. 1974
Indianapolis, Indiana
Nov. 1974-Present
Petitioner had earnings from self-employment derived from his services as a minister in excess of $400 for each of the taxable years 1957 through 1977. Petitioner's net earnings from self-employment as a minister equaled $10,295 for his taxable year 1976 and $12,579 for his taxable year 1977. Petitioner has never reported or paid any self-employment tax on his ministerial earnings. Prior to 1968 ordained ministers were automatically *289 excluded from social security coverage and from the self-employment tax. Ministers could, however, elect social security coverage as self-employed persons, if they so desired, by filing a Form 2031, Waiver Certificate to Elect Social Security Coverage for Use by Ministers, Certain Members of Religious Orders and Christian Science Practitioners. The statute was amended, and after 1967 ordained ministers were automatically subject to the self-employment tax with respect to the services performed by them unless they timely filed an election for exemption, e.g. Form 4361, Application for Exemption from Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners. See S. Rept. No. 744, 90th Cong., 1st Sess. 54, U.S. Code Cong. & Ad. News 2834 at 2887-88; sec. 1.1402(c)-5(a)(2), Income Tax Regs. The post-1967 exemption election is not available to persons electing coverage under the pre-1967 version of 1402(e). Section 1.1402(e)-(2)(A), -(3)(A), Income Tax Regs. The Director, Internal Revenue Service Center, Southwest Region, Austin, Texas (Director) certified to the Court, by a document dated February 1, 1980, that she had made a thorough *290 search of the records in her custody and that no Form 2031 in petitioner's name was on file in Austin, Texas. Similarly, the Director certified by a second document, dated February 1, 1980, that no Form 4361 in petitioner's name was on file in Austin, Texas. The Director, Division of Adjustment Operations, Bureau of Data Processing, Social Security Administration, Department of Health, Education and Welfare, made a search of the records in his custody and certified to the Court by document dated January 17, 1980 that there was no record of a Form 4361 for Donald W. Kinney on file with him or in his custody. Form 4361 was first printed in March of 1968 and was first made available to the public in April of that year. These forms were required to be filed in triplicate with the Internal Revenue Service. The Internal Revenue Service would then forward two copies of the form to the Social Security Administration. Upon receipt of these forms the Social Security Administration would determine if it had a Form 2031 on file for that taxpayer. If not, the Social Security Administration would retain one copy of the Form 4361 and return the other to the Internal Revenue Service. If *291 the Social Security Administration did find a Form 2031, it returned both copies of Form 4361 to the Service. The files where the Social Security Administration keeps its Forms 4361 have not been destroyed by fire or any other means. OPINION The sole issue before us is one of fact. We must determine whether petitioner has carried his burden of proving by a preponderance of the evidence, Rule 142, Tax Court Rules of Practice and Procedure, Welch v. Helvering, 290 U.S. 111 (1933), that he filled out a Form 4361 and deposited it in the United States mails properly wrapped, postage prepaid and properly addressed to the Internal Revenue Service. The Commissioner is by no means infallible. See Ferguson, Jr. v. Commissioner, 14 T.C. 846, 850 (1950). If petitioner could show proper mailing of a Form 4361, then the long recognized presumption of receipt would arise. Legille v. Dann, 544 F.2d 1, 4, 5 (D.C. Cir. 1976). See generally 1 Wigmore, Evidence sec. 95 at 524-525 and n. 1 (3d ed. 1940). We have carefully reviewed the record and the testimony. While the petitioner appeared forthright in his demeanor and comportment before *292 the Court, we remain unpersuaded. We believe that he was simply mistaken and consequently has failed in his burden of proving that the proper form was duly and timely mailed. In his original petition petitioner alleged that he had mailed an election of exemption from the self-employment tax sometime in 1965 or 1966. At that time only Form 2031 was available since Form 4361 was not printed until March of 1968. Clearly any form petitioner mailed in 1965 or 1966 would, therefore, have been an election to be taxed, Form 2031, rather than an election for exemption. But no Form 2031 was discovered by the various relevant agencies after a search of their records. At the trial petitioner moved to amend his petition to conform to the proof, which we hereby grant. The proof referred to by petitioner was his testimony that he probably mailed a Form 4361 From Bossier City, Louisiana in 1968. The Form 4361 was first available to the public, as mentioned, in April of 1968, the same month petitioner moved from Bossier City to Omaha, Nebraska. This testimony is insufficient to carry the day. On another front petitioner testified that he was told by lower echelon employees of the Internal *293 Revenue Service that the Social Security Administration records in Baltimore had been destroyed by fire. However, an affidavit from the Deputy Director of the Office of Regulations, Social Security Administration, states that no such fire occurred. Neither the Internal Revenue Service Center in Austin nor the Social Security Administration in Baltimore could locate a copy of any Form 4361 filed by petitioner. As we cannot find that a Form 4361 was properly mailed, petitioner's income was not exempt from self-employment tax for the years before us. See sec. 1.1402(c)-5(a)(2), 1.1402(e)-(1)(A),-(2)(A),-(3)(A). Decisions will be entered for the Respondent.