# JOHN P. RAFFERTY

## *vs.*

## ROBERT W. BUTLER, Trading as the Butler Motor Co.

*Written contracts: parol evidence can not vary—; preceding conversations merged.*

Where a contract of sale is in writing, a consideration different from that set out can not be given in evidence.       p. 432

A written instrument is the final consummation of the contract, and all conversations and stipulations between the parties preceding or accompanying its execution are to be considered as merged in it.       p. 432

One who sets up a written contract reciting a money consideration can not contradict or vary it by parol evidence of some other or different consideration.       p. 432

*Decided January 14th, 1919.*

Appeal from the Baltimore City Court.   (Duffy, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe. Pattison and Urner, JJ.

*George E. Robinson,* for the appellant.

*George S. Yost* (with whom were *Niles, Wolff, Barton & Morrow* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This suit was brought by the plaintiff against the defendant in the Baltimore City Court to recover damages for an alleged breach of a contract for the sale of a Ford Touring Car.

At the trial the defendant's demurrer to the declaration was sustained with leave to amend. The plaintiff declined to amend and from a judgment on the demurrer in favor of the defendant for costs this appeal has been taken.

The contract was in writing and is set out in full in the declaration. It provides in substance for the sale of a Ford automobile car at the price of three hundred and sixty dollars, plus freight and delivery charges of twenty one dollars and twenty-five cents. A deposit of twenty-five dollars in cash was made at the time of the contract and the plaintiff agreed to pay the balance and accept delivery of car within forty-eight hours after being notified it was ready.

The contract also contained a clause that the agreement between the parties "comprises the entire contract pertaining to this purchase and no other agreement of any kind, verbal understanding or promises whatsoever, will be recognized."

The declaration also avers that although the contract itself stipulates that the contract price for the car was $360, the real and true consideration was the payment of the sum of $25 at the time the contract was signed, and thereafter, the sum of $135 in cash and the delivery of the plaintiff's old or second-hand Ford truck or car to the defendant, which he was to accept as the balance of the purchase price, namely the sum of two hundred dollars.

The failure of the defendant to accept the Ford truck or car as a part of the purchase price is alleged and relied upon as a breach of the contract and forms the basis of the suit.

It would seem to be clear under the special clause of the contract itself, apart from any legal proposition involved, that the plaintiff would be estopped in this case from alleging a different consideration from that set out in the written contract as is sought to be done in this case.

The seventh clause of the written contract provides that the contract itself contained the entire agreement in relation to the purchase, and no other agreement of any kind, verbal understanding or promises whatsoever would be recognized.

The rule of law is too well settled to be now disturbed, that the written instrument is the final consummation of the contract and all conversations and stipulations between the parties preceding or accompanying the execution of it are to be regarded as merged in it. The written contract must be accepted to express the final intention of the parties.

The general rule is thus stated in 27 *Cyc.* 1136, "when a contract is reduced to writing the presumption is that the entire actual agreement of the parties is contained in it and parol evidence as to their negotiations or conversations prior to its execution is not admissible to vary or explain it." 1 *Greenleaf on Evidence,* sec. 275; *Scott* v. *B. & O. R. R. Co.,* 93 Md. 475; *Fowler* v. *Pendleton,* 121 Md. 297.

In this case the appellant alleges a parol agreement, entirely different from the terms of the written contract and seeks under it to compel the appellee to accept in trade an old or second-hand Ford truck or car instead of the money consideration of $360, plus freight and delivery charges, set out and provided in the written contract.

In other words he sets up a written contract reciting a money consideration and seeks to vary and contradict its terms by introducing into it by parol evidence some other and a different consideration and to compel the other party to the contract to accept it.

The contention as thus made can not be maintained.

In 17 *Cyc.* 610, it is said and supported by authority, that "the statement in a contract of sale as to the price paid or to be paid by the purchaser is an essential part of the contract

and hence it can not be varied or contradicted by parol." A contract of sale is also conclusive as to the time, mode and terms of payment and can not be varied or contradicted as to these matters by parol.

The decisions of this Court in *Lazear* v. *Union Bank,* 52 Md. 78, and *Lawder* v. *Mackie Grocery Co.,* 97 Md. 1, are sufficient to sustain these legal propositions.

There are cases which hold that the consideration expressed in a contract may be inquired into, when fraud, mistake or accident are alleged or where the consideration is merely a recital or in the nature of a receipt and is not an essential part of the contract, but the present case does not fall or come within any of the exceptions to the general rule stated and established by the uniform decisions.

For the reasons stated the ruling of the Court below upon the demurrer will be sustained and the judgment affirmed.

*Judgment affirmed, with costs.*