## ARMENIUS B. WHITELOCK *v.* CAROLINE H. WHITELOCK.

[No. 34, October Term, 1928.]

116

*Decided December 6th, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*John L. G. Lee,* for the appellant.

*Ernest Volkart,* with whom were *Robinson & Fahey* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

Armenius B. Whitelock, the appellant, was the owner in fee simple of a property in Baltimore which he and his wife, Caroline R. Whitelock, appellee, conveyed to Charles L. Wolf and May W. Wolf, his wife, for the sum of thirty thousand dollars, of which $15,000 was paid in cash and $15,000 secured by a mortgage from the purchaser to the appellant and the appellee, with interest at six per centum, payable semi-annually, principal and interest being evidenced by the promissory notes of the purchasers to the appellant and the appellee. Mr. and Mrs. Wolf filed their bill of complaint wherein they alleged that they, on March 20th, 1928, tendered

to the mortgagees the sum of $15,450, being principal and interest due on the mortgage. As alleged by the purchasers: "Said defendants and each of them refused said tender made by said plaintiffs as aforesaid because said defendants were unable to agree as to who were entitled to receive said money as aforesaid, the said Caroline R. Whitelock claiming one-half thereof and the said Armenius B. Whitelock claiming all of said money." Being unable to secure a release from the mortgagees, the purchasers, Mr. and Mrs. Wolf, prayed that the mortgagees be ordered to release the mortgage upon payment into court by the plaintiffs of the sum of $15,450 and/or that a trustee be appointed to release said mortgage upon such payment.

To this bill the appellant and appellee filed separate answers, the appellant alleging that the property sold to the plaintiffs was his, having been acquired partly from property inherited from his father and partly from his own earnings, and that the appellee had no interest in the property and had never invested any money of her own therein, and further answering, said: "That the said mortgage of fifteen thousand dollars ($15,000) was made to this respondent, Armenius B. Whitelock and the defendant, Caroline R. Whitelock, for the sole reason and purpose, and for no other purpose, that in the event of the death of either the said Armenius B. Whitelock or Caroline R. Whitelock during the three years which was the life of the mortgage, that then and in that event the said mortgage should go to the survivor, Armenius B. Whitelock or Caroline R. Whitelock, without the necessity of an administration in the Orphans' Court of Baltimore City; that said Armenius B. Whitelock never gave or intended to give Caroline R. Whitelock one-half of said mortgage or the sum of seven thousand nine hundred and fifty dollars ($7,950.00); that the said Caroline R. Whitelock never claimed any part of the cash payment of fifteen thousand dollars ($15,000) for the sale of said property, that she never claimed any interest on said mortgage as the same has been paid for the last two and one-half years; that she did after the execution of said mortgage and before its maturity,

endorse the principal note for fifteen thousand dollars ($15,-000) over to this respondent, Armenius B. Whitelock and also the interest notes on said mortgage to your said respondent; and in the face of all the aforegoing she now claims a gift of seven thousand nine hundred and fifty dollars ($7,-950) and she refuses to sign the release of said mortgage, and is preventing the collection of same unless she is paid one-half of the same."

The defendant on her part stated that she was willing to release the mortgage provided one-half of the principal and interest due thereon, $7,725, was paid to her; that when her husband, the appellant, requested her to execute a deed for the property to Charles L. Wolf and May W. Wolf, his wife, the appellee refused to release her dower right therein unless she was properly compensated, and that, as a result of her demands, the purchase money mortgage which is the subject matter of this suit was placed in their joint names; that she did endorse the several notes to her husband to facilitate the collection of the interest as it matured and that she inadvertently endorsed and delivered to him at the same time the note for the principal amount of the mortgage; "without, however, in any manner intending to waive or relinquish any right, property or title she had in said mortgage and that she endorsed the note for the principal of the mortgage inadvertently, accidentally and by mistake." She further alleged "that the said mortgage was executed to her and her husband as tenants by the entireties; that she would not have joined in the deed for said premises unless that was done," and that at the time her husband was represented by counsel, and that he fully understood the effect of said mortgage and the rights and interest which the appellee had in the same, and that, if her husband (the appellant) is not willing now to make a division of the property, she is willing to have the principal amount of said mortgage held in trust during the joint lives of appellant and appellee with the corpus to be paid to the survivor.

The only testimony taken was that of the appellant, who undertook to say that the appellee had no interest in the

property and that she had not contributed any part of the consideration named in the mortgage, so that the case is practically presented to us on the allegations contained in the respective answers of the appellant and the appellee to the bill of complaint of Mr. and Mrs. Wolf. The appellant's contention is that the execution of the mortgage and notes to himself and his wife was not a completed gift, because it was a temporary arrangement which could only be consummated in the event of his dying within the period of three years, or before the maturity of the mortgage, leaving the appellee surviving him. Under the decision of this court in *Fowler v. Pendleton,* 121 Md. 297, 301, parol evidence is not admissible to contradict or vary the terms of a mortgage. Judge Briscoe there said: "It is difficult to perceive upon what legal principle the appellants could be allowed to set up in defense an alleged verbal agreement absolutely inconsistent with their clearly expressed terms and contradictory thereof. The cases are conclusive that this cannot be done;" and, quoting from the general rule stated in 27 Cyc. 1136, he further said: "When a contract is reduced to writing the presumption is that the entire actual agreement of the parties is contained in it and parol evidence as to other negotiations or conversations prior to its execution is not admissible to vary or explain it." *Rafferty v. Butler,* 133 Md. 430.

The promissory notes for principal and interest are payable "to the order of Armenius B. Whitelock and Caroline R. Whitelock, his wife," and the *habendum* clause of the mortgage to them is, "To have and to hold the aforesaid parcel of ground and premises unto and to the use and benefit of Armenius B. Whitelock and Caroline R. Whitelock, his wife, as tenants by the entireties, their heirs and assigns forever." There is nothing in either the notes or the mortgage to indicate that the unpaid part of the purchase money of the property should be held subject to any other condition than therein set forth, and nothing to show an understanding outside the terms of the mortgage that this was to be a temporary or conditional gift from the appellant to the appellee. At the time of the conveyance by them she had no interest

in the property but her inchoate right of dower, which would be defeated or lapse if she should pre-decease her husband, and there was no way whereby she could be required, against her will, to enter into a conveyance of the property. *Roth v. Roth,* 144 Md. 553. She named as the consideration for her joining in the deed the payment to her of a part of the purchase money, and the mortgage debt in this case appears to be the consideration of her signature to the deed. She does not agree with the assertion of the appellant that her interest was to cease if both were living at the maturity of the mortgage, but on the contrary is standing on her rights, as set forth in the mortgage, as firmly now as she did in the beginning. So far as she is concerned it was and is a completed gift which can only be defeated if she should pre-decease her husband.

In *Brewer v. Bowersox,* 92 Md. 567, it was definitely decided that there could be a tenancy by the entireties in personal property, this court saying of the subject matter of the suit there, "There was no *locus poenitentiae* reserved by it, because a separate dominion by either was completely superseded by a joint control. There was no act which either the husband or the wife could do that would rescind the right of the other. In a word, a tenancy by the entireties was created and, of course, regard being had to the face of the paper alone, the legal consequences depending on and flowing from that status must necessarily ensue." And in *Brell v. Brell,* 143 Md. 443, 450, it was said: "The defendant caused the deed for the farm to be made to himself and wife as tenants by the entireties, and the deed must therefore be regarded as a gift to the plaintiff of the interest in said farm thereby conveyed to her."

On the facts alleged in both answers and in the absence of any qualifying words in the mortgage or mortgage notes, under the authorities cited, the contention of the appellant that this was not a completed gift and that he still retained control of it cannot be entertained.

The appellant also contends that, even if the inclusion of the appellee's name in the mortgage and notes thereby se-

cured resulted in a gift to her, that her endorsement and redelivery of the principal and interest notes to the appellant was a surrender by her to the appellant of any interest which she might have had in the mrotgage or the mortgage notes. Here, however, we can apply to the appellant the argument which he urges, namely, the retention by the appellee of a *locus poenitentiae*. There is no better way to ascertain the intention of the parties to an agreement than their own conduct, and in this case the appellee did not surrender her control over the mortgage or the notes. She did not execute a release of the mortgage or do any act by which she would divest herself of every interest therein, but on the contrary refused to execute such release unless she was given one-half of the mortgage debt and the interest, and further consented to the passage of an order or decree for the appointment of trustees to hold the proceeds of the mortgage so long as appellant and appellee both lived.

The appellant has cited numerous authorities to the effect that the note is the primary obligation and the mortgage collateral to it, and that the mortgage follows the note. We do not question the soundness of any of these authorities, all of which were followed by this court until the passage of the Act of 1892, chapter 392, which, as amended by the Act of 1910, chapter 719, is now section 25 of article 66 of the Code of 1924 and reads as follows: "The title to all promissory notes and other instruments hereafter made, and all debts hereafter contracted, secured by mortgage or deeds in the nature of a mortgage shall both before and after the maturity of such notes, other instruments or debts, be conclusively presumed to be vested in the person, persons or body corporate holding the record title to such mortgage or deed in the nature of a mortgage; and if such mortgage or deed in the nature of a mortgage is duly released of record, the promissory notes, other instruments or debts secured by such mortgage or deed in the nature of a mortgage shall, both before and after the maturity of such promissory notes, other instruments or debts, be conclusively presumed to be paid so far as any lien upon the property conveyed by said

122

mortgage or deed in the nature of a mortgage is concerned," of which this court, in *Dickey v. Pocomoke City Bank,* 89 Md. 280, 296, in an opinion by Chief Judge Boyd, said: "That statute made a complete change of the law on the subject in this state. Prior to its passage the mortgage followed the note secured by it and became the property of the owner of the latter, but since then the debt, after maturity, follows the mortgage and is conclusively presumed to belong to the person holding the record title of the mortgage." The only difference between the Act of 1892, chapter 392, referred to by Judge Boyd, and the Act of 1910, chapter 719, is that the later act applies "both before and after the maturity of such notes, other instruments or debts," and what was said with regard to a debt after maturity would, under the very terms of the statute, apply to a debt before maturity. The Act of 1910 is the answer to the contention of the appellant that the appellee had returned or given to the appellant her interest or rights in the mortgage. Refusing to join with her husband in the release unless her demands were met was the retention by her, within the meaning of the Act of 1910, of her interest in the mortgage debt. See also *Morrow v. Stanley,* 119 Md. 590, 599 and *Frederick County National Bank v. Schlosser,* 152 Md. 609, 615.

The chancellor passed a decree in this case appointing Messrs. John L. G. Lee and Ernest Volkart trustees to execute a release of the mortgage, to hold the principal sum of $15,000 in trust, and to pay one-half of the income received therefrom to the appellant and the other half to the appellee until the death of one of them, when the *corpus* should be paid to the survivor unless sooner distributed by agreement of the parties or by order of the court; the interest already due to be divided between the appellant and appellee. It is from this order Armenius B. Whitelock appealed.

At common law the appellant, by virtue of his control of the wife's property, would have been entitled to all of the income. As affected by statute, however, from time to time, the control of the husband over the wife's property has changed until now, under the Married Women's Property

Acts, in this state the wife shares equally with the husband in the income from a tenancy by the entireties. The authority for this statement is *Masterman v. Masterman,* 129 Md. 167, in which the history of tenancy by the entireties, with the changes wrought by statute in the respective rights of husband and wife therein, has been so exhaustively treated in the opinion of Chief Judge Boyd that a discussion of the subject here would involve nothing but needless repetition. *Furstenburg v. Furstenburg,* 152 Md. 247; 35 *A. L. R.* 151.

In view of what we have said, it must appear that the decree of the chancellor in this case properly defines the relations of the parties to this appeal with respect to the proceeds of the mortgage and interest thereon, which is the subject of the appeal.

*Decree affirmed, with costs.*