GEORGE E. SAULSBURY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59453.    Promulgated February 11, 1933.

*Joshua W. Miles, Esq.,* for the petitioner.
*Dean P. Kimball, Esq.,* and *Edward C. Adams, Esq.,* for the respondent.

#### OPINION.

ARUNDELL: From the stipulation of facts filed herein, which, by reference, we adopt as our findings of fact, it appears that the petitioner and his wife, residents of Baltimore, Maryland, in 1928 owned certain personal property as tenants by the entirety. In the separate return filed by the wife for 1928, she, with the consent of petitioner, reported for taxation all of the income derived from bank accounts, bonds, stocks, and profits on a stock trading account, which she and her husband held as tenants by the entirety. The respondent transferred one-half of such income to the return of petitioner and determined a deficiency of $423.53 in income tax for 1928. Whether this action was proper is the only question presented for decision. We think it was.

It is firmly established law in Maryland that, in the absence of an agreement between them to the contrary, neither spouse is entitled to all of the fruits of property held as tenants by the entirety. In *Masterman* v. *Masterman,* 129 Md. 167; 98 Atl. 537, a sum of money had been paid by an insurance company for a fire loss on premises, title to which was held as tenants by the entirety. The husband refused to restore the property with the insurance money, or use his share thereof for that purpose. In holding that if the property was sold by order of the court the proceeds of the sale, together with the insurance money, should be invested under the court's order and the net income therefrom distributed equally between the two tenants

until the death of one, when the corpus should be paid to the survivor unless sooner distributed either by agreement of the parties or the court's order, the court remarked:

In this state the constitutional provisions and the Married Women's Acts have changed the common law in some respects. * * * So the expression in *Marburg* v. *Cole*, *McCubbin* v. *Stanford*, *Brewer* v. *Bowersox*, *Stieff Co.* v. *Ullrich*, 110 Md. 634, 73 Atl. 874, and probably other cases, that the estate by entireties with its incidents continues as at common law, is not necessarily to be construed to mean that a husband is still entitled to all of an estate by entirety as at common law, as such rights in the husband were not as incidents of that estate, but by virtue of the rights of a husband at common law. * * *

* * * Such being the law of this state, it would be illogical and incorrect to say that the husband still has the same control over their property held as tenants by the entireties that he had by virtue of his common-law rights.

The same conclusion was reached in *Brell* v. *Brell*, 143 Md. 443; 122 Atl. 635, on an issue involving the right to the proceeds of sale of a farm and a mortgage given by the purchaser. In a more recent case, *Whitelock* v. *Whitelock*, 156 Md. 115; 143 Atl. 712; involving not only the principal sum of a mortgage, all of which was being claimed by the husband and one-half by the wife, but accumulated interest thereon, the court stated the prevailing law in this way:

At common law, the appellant, by virtue of his control of the wife's property, would have been entitled to all of the income. As affected by statute, however, from time to time, the control of the husband over the wife's property has changed, until now, under the Married Women's Property Acts (Code Pub. Gen. Laws 1924, art. 45, §§ 1–21), in this state the wife shares equally with the husband in the income from a tenancy by the entireties. The authority for this statement is *Masterman* v. *Masterman*, 129 Md. 167, 98 A. 537, in which the history of tenancy by the entireties, with the changes wrought by statute in the respective rights of husband and wife therein, have been so exhaustively treated in the opinion of Chief Judge Boyd that a discussion of the subject here would involve nothing but needless repetition. *Furstenburg* v. *Furstenburg*, 152 Md. 247, 136 A. 534, 35 A. L. R. 151.

While all of the cited cases relate to real property, tenancies by the entirety in personal property may exist in Maryland. *Tyler* v. *United States*, 281 U. S. 497; *Brewer* v. *Bowersox*, 92 Md. 567, 48 A. 1060; *Whitelock* v. *Whitelock*, *supra*.

It is clear from these decisions that during 1928 the petitioner was entitled to one-half of the income in question in the absence of an agreement with his wife for the distribution of the earnings on a different basis. It does not appear, and it is not claimed that such an agreement was ever entered into. The petitioner and his wife were of the opinion that when filing separate returns " they had a right with the consent of each other to place income in accounts held by the entireties on the return of either husband or wife." Such an understanding as existed between them did not extend beyond the

manner of reporting the income after it was earned and received under their entirety interests. Upon realization of the income from the entirety estate, one-half of it was the income of each and should be so treated in their separate returns. *Poe v. Sanborn*, 282 U. S. 101.

*Decision will be entered for the respondent.*