OREN C. WHITE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29474. Promulgated May 22, 1952.

*John W. Ward, Esq.*, for the petitioner.
*John L. King, Esq.*, for the respondent.

### OPINION.

RICE, *Judge:* The respondent determined a deficiency in income tax for the year 1947 in the amount of $2,856.68. The sole issue is whether petitioner is entitled to deduct the entire loss suffered on a farm where the farm was held by petitioner and his wife as tenants by the entireties.

All of the facts were stipulated, are so found, and are incorporated herein. Petitioner is an individual with his principal office in Detroit, Michigan. Returns were filed with the collector of internal revenue for the district of Michigan at Detroit, Michigan.

Petitioner is married, and lived with his wife during the taxable year. A joint return was filed for the year 1946, but in 1947, the year before us, each filed a separate return.

During the year 1947 petitioner was a manufacturer's agent doing business under the trade name of "O. C. White Equipment Company," an individual proprietorship engaged in the sale of oil tanks, valves, pipe, and related equipment. The income and expenses of this proprietorship are not in controversy.

During the year 1947 petitioner and his wife owned as tenants by the entireties a farm which had been purchased out of the separate funds of the petitioner and upon which petitioner conducted general farming operations during the calendar year. In his individual return for the year 1947, petitioner reported farm receipts of $2,821.64 and farm expenses of $12,310.17, with a resulting farm net operating loss of $9,488.53. Petitioner claimed the entire net operating loss in his individual 1947 return, and no part of it was claimed by his wife in her separate return. After some adjustments, not contested here, an allowable farm net operating loss in the amount of $6,206.89 resulted, and this amount is conceded by petitioner to be the correct amount. In his notice of deficiency, respondent allocated half of this loss to the return of the petitioner and half to the separate return of his wife. Farm receipts were paid to petitioner alone and deposited by him in his individual checking account, and farm expenses were paid by petitioner out of his separate funds. There was no oral or written agreement between petitioner and his wife with respect to the use of the farm or the division of losses, profits, or expenses.

Under Michigan law it is well settled that where property is owned by husband and wife as tenants by the entireties, one-half of the net income is taxable to the husband and one-half of the net income is taxable to the wife. *Commissioner* v. *Hart* (C. A. 6, 1935), 76 F. 2d 864; *Paul G. Greene*, 7 T. C. 142 (1946) ; *Herman Gessner*, 32 B. T. A. 1258 (1935).

In *Commissioner* v. *Hart*, *supra*, the court stated:

* * * The holding by the entireties in Michigan is therefore entirely analogous to the community holding involved in Poe, Collector of Internal Revenue v. Seaborn, 282 U. S. 101 * * *.

The cited case, which involved community property held by husband and wife in the State of Washington, decided that community income should be divided between husband and wife for Federal income tax purposes. In *Hopkins* v. *Bacon*, 282 U. S. 122 (1930), involving the community law of Texas, the court generally followed *Poe* v. *Seaborn*, *supra*. This Court in *Mellie Esperson Stewart*, 35 B. T. A. 406 (1937), affd. (C. A. 5, 1938) 95 F. 2d 821, in considering community income to a husband and wife in Texas, stated, at page 411:

We * * * hold that the deductions, constituting expenses, depreciation, interest and taxes pertaining to petitioner's separate property, the income from which falls into the community and is taxable in equal parts to petitioner ·and her husband, are to be equally divided between the two. The gross income of the community shall be taxed equally between the two spouses and each granted the benefit of one-half of the deductions.

In that case, all the expenses pertaining to the property had been paid by the petitioner. Upon appeal, the court in affirming stated, at page 822: "Income and deductions must be accounted for on the same basis." We feel that the instant case must be determined by analogy to these community property cases.

We fail to see any reason why a net profit should be taxable one-half to each of the parties but a net loss should be deductible entirely by one of the spouses. The treatment should be consistent in both situations. In this case, the parties have stipulated that the property was owned by petitioner and his wife as tenants by the entireties.

Petitioner relies, in part, upon *F. C. Nicodemus, Jr.*, 26 B. T. A. 125 (1932), and *William R. Tracy*, 25 B. T. A. 1055 (1932). These cases held that where properties were owned as tenancies by the entireties taxes were deductible entirely by the spouse who paid them under the theory that the spouses were jointly and severally liable. The *Nicodemus* case also allowed interest to be entirely deducted by the spouse who had paid it, under the same theory. Even if petitioner were entitled to any deduction by way of taxes and interest under the theory of the *Nicodemus* and *Tracy* cases, we are unable to afford him any relief because this record fails to show what amounts, if any, he had paid for such items.

We therefore hold that respondent did not err in allocating one-half of the loss suffered from the farm to petitioner in his individual return and the other half to petitioner's wife in her individual return.

*Decision will be entered for the respondent.*