MYRTLE O. CALHOUN (FORMERLY MYRTLE O. WORTH), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47593. Filed October 7, 1954.

*L. Paul Ewell, Esq.*, and *Philip C. Herr, Esq.*, for the petitioner. *A. Russell Beazley, Jr., Esq.*, for the respondent.

## OPINION.

JOHNSON, *Judge:* The sole issue before us is whether petitioner and her former husband filed joint returns for the years 1943, 1944, 1945, 1947, and 1948. Respondent determined that joint returns were filed by them, but petitioner maintains that she did not file joint returns with her husband and, further, that she did not intend to file joint returns.

The keystone of respondent's argument is that in Maryland each spouse is entitled to one-half of the income from property held by them as tenants by the entirety. *Whitelock* v. *Whitelock*, 156 Md. 115, 143 Atl. 712, 715; *Brown* v. *Brown*, 204 Md. 197, 103 A. 2d 856, 863. The question of how that income is reported is a question of fact, and the intention of the parties is to be considered in ascertaining this fact. See *Virginia M. Wilkins*, 19 T. C. 752; *Zabelle Emerzian*, 20 T. C. 825; *Hyman B. Stone*, 22 T. C. 893. If the intention of the parties is not apparent on the face of the return, their intention must be gleaned from other sources.

In general, a husband and wife may make a single return jointly; but, if a joint return is made, the tax liability shall be computed on the

aggregate income and the liability with respect to the tax shall be joint and several. Sec. 51 (b), I. R. C., 1939.

The present case is not like that of *W. L. Kann*, 18 T. C. 1032, affd. 210 F. 2d 247, where the wife failed to take the stand and where there was no evidence to overcome the presumptive correctness of respondent's determination. Here petitioner did testify and there is nothing in the record to support a finding that petitioner intended that the return filed be a joint return. Her name was not included in the caption, nor did she sign any of the returns. See *Myrna S. Howell*, 10 T. C. 859, affd. 175 F. 2d 240. There were no income, losses, or deductions attributable to petitioner in an individual capacity included in the returns filed by Worth. See *Eva M. Manton*, 11 T. C. 831.

It is noteworthy that petitioner did not prepare the returns, nor did she see them until the time of the hearing. All of the facts support petitioner's position in that they point out the absence of any affirmative action on petitioner's part to join with her husband in the filing of tax returns. Petitioner had no intention of filing joint returns.

Notwithstanding petitioner's inactivity or her intention, there remains the fact that under Maryland law petitioner was entitled to one-half the income from property owned as tenants by the entirety, and all income reported and that admittedly not reported by Worth was derived from the services of himself and others than petitioner and from property held by petitioner and Worth as tenants by the entireties. Undoubtedly petitioner should have reported some share of this income, but she had a choice as to how she could report it. She could have filed a separate or a joint return. Since she did not intend to or did not in fact file a joint return, she incurs no joint or several liability based on a joint return. Therefore, the joint and several liability attributed to her in the deficiency notice was improper.

Even though our decision is based on a finding of fact, we have considered those cases relied upon by respondent. In particular, respondent relies upon *Walter M. Ferguson, Jr.*, 14 T. C. 846, to support his position. In that case a husband and wife operated a restaurant as a partnership. All income from the partnership was reported by the husband, and no return was filed by the wife. There we held that the return was a joint return.

The *Ferguson* case can be distinguished from the present case on the facts. In the *Ferguson* case the reported income was family partnership income, and husband and wife knew it to be their income. In the present case the petitioner did not know that she was entitled to the income, by operation of law, from property held as tenants by the entirety, and she had no intention of joining her husband in the returns that he filed. In the *Ferguson* case there was sufficient evidence to support a finding that husband and wife intended to file a joint

return, but in the present case the evidence will not support such a finding. In *McCord* v. *Granger*, 201 F. 2d 103, the Court of Appeals pointed out that the single circumstance of a return reporting both husband's and wife's income is not sufficient to hold that it was a joint return. Cf. *Louis M. Roth*, 17 T. C. 1450.

Considering the record as a whole we find that petitioner did not file, and did not intend to file, joint returns with Worth in 1943, 1944, 1945, 1947, and 1948.

*Decision will be entered for the petitioner.*