ELSIE S. BOUR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35641. Filed November 17, 1954.

*Morris Fedder, Esq.*, for the petitioner.
*George C. Lea, Esq.*, for the respondent.

OPINION.

RICE, *Judge:* This proceeding involves deficiencies in income tax and penalties for fraud determined against Elsie S. Bour as follows:

| Year | Deficiency | 50 per cent penalty |
|---|---|---|
| 1941 | $20, 262. 46 | $10, 111. 00 |
| 1942 | 26, 205. 36 | 12, 422. 89 |
| 1943 | 11, 540. 94 | 5, 771. 67 |
| 1944 | 16, 034. 51 | 10, 718. 55 |
| Total | $74, 043. 27 | $39, 024. 11 |

The issues to be decided are: (1) Whether the tax returns for the years 1941 through 1944, filed in the name of Harry G. Bour, the petitioner's husband, were in fact joint returns of petitioner and her said husband; and (2) whether respondent is estopped from determining deficiencies and penalties against a wife, who made a joint return with her husband and thereby became jointly and severally liable, when a decision of this Court has already been entered against her husband for the same deficiencies and penalties.

All of the facts were stipulated, are so found, and are incorporated herein by this reference.

Elsie S. Bour (hereinafter referred to as petitioner) is, and during the years here involved was, the wife of Harry G. Bour and resided with him in Baltimore, Maryland. For each of the taxable years 1941 to 1944, Federal income tax returns were filed in the name of Harry G. Bour with the collector of internal revenue at Baltimore, Maryland. Said returns were made out in his name alone and were signed only by him. The printed instructions at the bottom of page 1 on each of these returns stated that, if the return was a joint return, it must be signed by both husband and wife. None of said returns was signed by petitioner. In each of them, an exemption was claimed for her as the wife of Harry G. Bour, and it was stated that she was not filing a separate return for that year. Petitioner did not file a separate return for any of such years.

During the taxable years here in question, petitioner and her husband held some 15 different parcels of real estate as tenants by the entirety. The gross and net incomes from such property, and deductions for its depreciation, were reported on the returns filed in the name of Harry G. Bour for each of the years 1941 through 1944 as follows:

| Year | Gross rental income | Depreciation | Net income |
|---|---|---|---|
| 1941 | $5, 085. 00 | $495. 00 | $2, 805. 87 |
| 1942 | 5, 080. 62 | 495. 00 | 2, 076. 85 |
| 1943 | 5, 032. 00 | 495. 00 | 647. 89 |
| 1944 | 3, 826. 00 | 330. 00 | 471. 63 |

In computing the net income set forth above, deductions were also taken for ground rents, taxes, repairs, and insurance. In the return filed for the taxable year 1944, long-term capital gains of $2,636.86 were reported on the sale of 4 of the parcels held by petitioner and her husband as tenants by the entirety.

Petitioner and her husband each filed separate Federal income tax returns for the year 1946. Each reported one-half of the capital gains realized on the sale of certain real property held by them as tenants by the entirety, but petitioner's husband reported all the rental income from their various real estate holdings. Petitioner reported no rental income, or deductions with respect to real property, on her return for 1946. The separate returns for 1946 were filed subsequent to the institution of an investigation of the returns of petitioner's husband for possible criminal evasion of the payment of taxes.

Decisions were entered by this Court in the cases of Harry G. Bour, Docket Nos. 25777 and 19253, on June 16, 1950, and February 5, 1951, respectively, wherein it was ordered and decided that there were deficiencies in income tax and penalties due from the said Harry G. Bour for each of the taxable years 1937 to 1944, inclusive. Respondent subsequently determined identical deficiencies in income tax and penalties against the petitioner for each of the taxable years 1941 to 1944, inclusive, on the basis that the returns filed in the name of Harry G. Bour for such years were in fact the joint returns of petitioner and her husband.

Petitioner did not intend to, and did not, file Federal income tax returns jointly with her husband for the years 1941 through 1944.

Whether petitioner and her husband filed joint returns for the years 1941 through 1944, thus rendering petitioner jointly and severally liable for any tax and penalties which may be due on the aggregate of their incomes, is a factual question, the answer to which rests on a determination of the intent of the taxpayer. *Myrtle O. Calhoun*, 23 T. C. 4 (1954).

A husband and wife are separate and individual taxable entities and, as such, each may file a separate return of his or her respective income. If they take advantage of the provisions for the filing of a joint return, each spouse becomes jointly and severally liable for the total tax, and any penalties, on the aggregate of their incomes. Sec. 51 (b), I. R. C. 1939. However, there must be a mutual intent to claim the benefits of a joint return before either spouse becomes jointly and severally liable. *Myrtle O. Calhoun, supra; Hyman B. Stone*, 22 T. C. 893 (1954); *Zabelle Emerzian*, 20 T. C. 825 (1953).

Despite the failure of a wife to sign the return, such factors as the listing of the names of both spouses in the caption of the return, the statement that the income and deductions of both spouses were in-

cluded, or an affirmative answer to the question thereon as to whether it was a joint return have been held to be evidence of an intent to file a joint return. *W. L. Kann*, 18 T. C. 1032 (1952), affd. 210 F. 2d 247 (C. A. 3, 1953), certiorari denied 347 U. S. 967 (1954) ; *Myrna S. Howell*, 10 T. C. 859 (1948), affd. 175 F. 2d 240 (C. A. 6, 1949) ; *Joseph Carroro*, 29 B. T. A. 646 (1933).

Respondent's determination is based upon the fact that income and deductions attributable to property held by petitioner and her husband as tenants by the entirety were reported on the returns here in issue. He relies on *Walter M. Ferguson, Jr.*, 14 T. C. 846 (1950), where, as in the instant case, the returns involved did not appear on their face to be joint returns, although they contained the joint income of both spouses since they bore only the husband's name in the caption and were signed only by him. However, the presumptive correctness of respondent's determination, that a joint return was intended, was upheld since no contrary evidence as to the taxpayer's intent was introduced. In a more recent case on this point, *Myrtle O. Calhoun, supra*, the Court was once again concerned with returns which contained income attributable to the wife, but which did not bear her name in the caption and were not signed by her. As in the instant case, the wife's income which was included in the returns arose out of property held by the spouses as tenants by the entirety. Nevertheless, we found that the wife therein had not filed such returns jointly with her husband.

The facts in the instant case are closely analogous to those in *Myrtle O. Calhoun, supra*, and we have found as a fact that petitioner did not intend to, and did not, file the returns here in issue jointly with her husband. Thus, petitioner contends that she believed she had no income during the years in issue; and, consequently, had no intention to, and did not, file returns, either separately or jointly for such years. Her theory is that she had made an anticipatory assignment to her husband of the income from the properties held by them as tenants by the entirety and that they both considered such income, and the concomitant expenses, as being attributable to him. State law controls as to who is entitled to income from property held by a husband and wife as tenants by the entirety, *Morgan* v. *Finnegan*, 182 F. 2d 649 (C. A. 8, 1950) ; and, in Maryland, each spouse is entitled to one-half the income from entirety property. *Whitelock* v. *Whitelock*, 156 Md. 115, 143 Atl. 712 (1928). Consequently, these returns, filed in the name of Harry G. Bour, reported income and deductions which are clearly attributable to petitioner. Clearly, an assignment of such income would be ineffective to relieve petitioner of the tax on such income; and one-half the income attributable to such properties should have been reported by petitioner. *Harrison* v.

*Schaffner*, 312 U. S. 579 (1941) ; *Lucas* v. *Earl*, 281 U. S. 111 (1930) ; *Paul G. Greene*, 7 T. C. 142 (1946). Nor could this agreement with her husband entitle him to take the entire amount of the various deductions arising out of the operation of the property held by the entirety. *Oren C. White*, 18 T. C. 385 (1952).

However, if the assignment actually was made, it would establish her intent, however unjustified, to file no returns, joint or separate, during the years in issue. The only evidence which petitioner has introduced of this alleged assignment is the separate Federal income tax returns filed by herself and her husband for 1946. On her return for that year, petitioner reported none of the rental income or deductions attributable to the operation of such properties, whereas all such income and deductions were reported by her husband.

The filing of a separate return by petitioner in 1946, if it means anything, tends to strengthen her argument that she believed the rental income to belong to her husband and thus had no intention to file joint returns for the years 1941–1944. Her return for 1946 was occasioned by the duty to report $2,787.96 in income derived from sources other than real estate and, also, to report her share of capital gains realized on the sale of certain of the property held by the entirety. Her omission of the rental income from the properties held by the entirety, on this return, as well as the deductions attributable to the operation of these properties, convinces us that she truly believed such income and deductions to be attributable to her husband. However erroneous her method or lack of method of computing her income may be, it appears to be an honest mistake of law, and supports her contention that she was under the impression that no returns had to be filed by her for the years here in issue.

We believe that, although the evidence introduced by petitioner with respect to her intent to file no returns for the years here in issue may be slight, it is sufficient to overcome the presumptive correctness of respondent's determination; and that it establishes an intent not to file the returns here involved jointly with her husband. The mere circumstance that a husband includes both his own income and that of his wife in his return does not establish per se that it was filed as a joint return. *McCord* v. *Granger*, 201 F. 2d 103 (C. A. 3, 1952). This is but one of the factors to be considered in determining the intent of the taxpayer.

We therefore hold, on this record, that petitioner did not intend to file and, consequently, did not file returns jointly with her husband for the years before us; and, in view of this holding, the second issue herein becomes moot.

*Decision will be entered for the petitioner.*