Edward J. Vogel and Mitzi Germaine Vogel v. Commissioner.
Vogel v. Commissioner
Docket No. 48047.
United States Tax Court
T.C. Memo 1955-83; 1955 Tax Ct. Memo LEXIS 256; 14 T.C.M. (CCH) 275; T.C.M. (RIA) 55083; April 12, 1955
Leonard J. Schwartz, Esq., Bankers Securities Building, Philadelphia, Pa., for the petitioners. Stephen P. Cadden, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Respondent determined deficiencies in the income tax of petitioners and additions to tax under section 293(b) of the Internal Revenue Code of 1939 as follows: Year
Deficiency
Addition to tax
1946
$50,671.46
$25,335.73
1947
17,622.58
8,811.29
Several issues were raised by the pleadings but all of them have been abandoned by stipulation except one, namely, whether respondent erred in determining that petitioners filed joint income tax returns for 1946 and 1947. Findings of Fact Some of the facts have been stipulated and are *257 found accordingly. Edward J. Vogel and Mitzi Germaine Vogel, petitioners, are, and during the years here involved were, husband and wife and resided in Lower Salford, Pennsylvania. During 1946 and 1947, Edward J. Vogel, sometimes hereinafter referred to as Vogel, was in partnership with Harry Burch, engaged in the hosiery business. Partnership returns were filed for those years setting forth Vogel and Burch as partners and showing that the profits of the business were divided equally between them. In addition, during 1946 and 1947, Vogel operated a dairy farm known as Buttonwood Farms located in Montgomery County, Pennsylvania. The Buttonwood Farms property was acquired by the Vogels in 1941 as tenants by the entireties. Mrs. Vogel took no part in the operation of either the hosiery business or the farm and she invested no capital in either business. She signed no checks in connection with either business and none of the profits were paid to her. Vogel maintained several bank accounts in the joint names of himself and Mrs. Vogel which were used by him in the operation of both the hosiery business and the dairy farm. He deposited gross receipts from the businesses in these joint *258 accounts and drew checks on them to cover business expenses. However, Mrs. Vogel deposited no money in, and drew no checks on, any of the aforementioned accounts. She occasionally loaned money to her husband for use in the hosiery business, the total amount of which approximated $15,000 during 1946 and 1947. The funds with which such loans were made were borrowed by her from her father, mother and uncle. Mrs. Vogel maintained a special bank account in her name alone. All funds deposited in that account were gifts to her on special occasions, such as birthdays, anniversaries, etc., from her husband and family. For each of the years 1946 and 1947, Federal income tax returns, showing in the caption only the name of Edward J. Vgel and signed only by him, were filed with the collector for the first district of Pennsylvania. In each of the returns a personal exemption was taken for Mrs. Vogel and a deduction was taken for a loss sustained in the operation of the dairy farm. The income tax returns for the two years were prepared for Vogel by S. H. Levy, a public accountant with 40 years' experience. Mrs. Vogel took no part in the preparation of the returns. They were never discussed *259 with her and she never saw them before they were filed. No part of the income or deductions reported on the returns, except that derived from Buttonwood Farms was attributable to Mrs. Vogel in her individual capacity. She did not file a separate return for either 1946 or 1947. Mrs. Vogel did not intend to, and did not, file joint income tax returns with Vogel for 1946 and 1947. The income tax returns involved herein for those years were not joint returns of the petitioners. Opinion The parties have stipulated that because of the prior assessment against petitioner, Edward J. Vogel, of deficiencies in income tax and additions to tax for 1946 and 1947 in the amounts involved herein, pursuant to a waiver of restrictions on assessment and collection of the deficiencies filed by him, the instant proceeding involves no deficiency as to him and that in so far as the proceeding pertains to him it may be dismissed for lack of jurisdiction. Since it thus appears that the proceeding in so far as it pertains to Vogel is now moot, a decision will be entered dismissing it as to him. The respondent contends that the income tax returns involved herein are joint returns. In support of his contention *260 he points out that receipts from the hosiery business were deposited in bank accounts carried in the joint names of the petitioners, that checks were drawn on these accounts to cover expenses of that business, and that Mrs. Vogel advanced substantial sums for use in such business. He also points to the fact that the Buttonwood Farms property was owned by petitioners as tenants by the entireties. He urges that the foregoing warrant the conclusion that Mrs. Vogel not only owned an interest in the hosiery business but also had an interest in the dairy farm operations. The petitioners take the position that the returns in controversy are not joint returns because they were not intended to be such, they do not purport to be such, they include only the income of Vogel, and they were not signed by both petitioners. The factual situation presented here is similar to that presented in Myrtle O. Calhoun, 23 T.C. 4 (Oct. 7, 1954). There the returns in issue were captioned in the name of the petitioner's husband and were signed only by him. She was claimed as an exemption for each of the years in question. Her husband conducted a poultry business on property owned by them as tenants *261 by the entireties, the income from which was reported on the return. The petitioner did not file separate returns for any of the years in question. Business receipts were deposited in a joint bank account maintained by her and her husband and checks to cover business expenses were drawn thereon. Under state law, each spouse was entitled to one-half of the income from property held by them as tenants by the entireties. No part of the reported income or deductions was attributable to taxpayer in her individual capacity, except that arising from the property held as tenants by the entireties. We there held that while it was incumbent upon taxpayer to report her share of income from property so held, as determined by state law, she was free to elect the method of reporting and the question of which method was chosen by her is a question of fact. We found that taxpayer did not intend to file and did not in fact file joint returns for the years in controversy, and we consequently held that she incurred no liability based thereon. The rationale of the Calhoun case was held to be applicable in Elsie S. Bour, 23 T.C. 237 (Nov. 17, 1954), which involved practically identical facts. *262 The record shows that Mrs. Vogel was not a partner in either business conducted by Edward J. Vogel. Therefore, aside from the income and offsetting losses arising from the Buttonwood Farms property, which was held by the Vogels as tenants by the entireties, no part of the income or deductions reported was attributable to Mrs. Vogel. Under Pennsylvania law, Mrs. Vogel was entitled to one-half the income from property owned as tenants by the entireties. O'Malley v. O'Malley, 272 Pa. 528, 116 Atl. 500 (1922). Doubtless she should have reported her share of such income, although offset by losses. Section 51(a), Internal Revenue Code of 1939; George K. Brennen 4 T.C. 1260. However, a was held in the Calhoun case, she was entitled to file either a joint return or a separate return, at her election. The single circumstance that a husband includes both his own income and that of his wife in his return does not establish per se that the return was a joint return. McCord v. Granger, 201 Fed. (2d) 103. In view of what has been said above, we have found that the income tax returns involved herein were not joint returns of the petitioners. The parties *263 have stipulated that in the event we decide that the returns here involved are not joint returns then there are no deficiencies in income tax and additions to tax for 1946 and 1947 in respect of Mrs. Vogel. In view of this stipulation and since we have found that the returns are not joint returns. Decision will be entered for Mitzi Germaine Vogel.