ALMA HELFRICH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38038.    Filed December 7, 1955.

*Robert Kratky, Esq.*, for the petitioner.
*Richard C. McLaughlin, Esq.*, for the respondent.

**OPINION.**

BRUCE, *Judge:* The first question for decision is whether the notice of deficiency satisfies the requirements of section 272 (a) and (k), Internal Revenue Code of 1939.

Petitioner contends that the deficiency notice was invalid because it was never received by her. The only address for petitioner and Carl Helfrich shown on the records of the office of the internal revenue

agent-in-charge at Springfield, Illinois, was that shown on the return filed in their names for the year 1947. At the time the deficiency notice was issued Alma and Carl were in Mexico. However, the Commissioner had no notice of that fact. Therefore, we can only conclude that as there was but one address known to the Commissioner, it, of necessity, was the last known address and that the provisions of section 272 (a) and (k) were met by sending the deficiency notice by registered mail to that address. *Gregory* v. *United States*, (Ct. Cl., 1944) 57 F. Supp. 962, certiorari denied 326 U. S. 747. Moreover, in enacting section 272 (a), Congress was primarily concerned with giving the taxpayer notice within ample time to file a timely petition. When, as here, a timely petition was filed, it is obvious that sufficient notice was received. Cf. *Clement Brzezinski*, 23 T. C. 192.

We must next consider whether petitioner and her former husband filed a joint return for the year 1947. The answer to this question depends upon the intent of the parties, which must be gleaned from the facts and circumstances surrounding the filing of the return.

There is no doubt that the return on its face purports to be the joint return of Carl and Alma Helfrich. It was filed in their joint names. The question as to whether the wife (or husband) is making a separate return is answered in the negative, and it bears signatures purporting to be those of Carl W. Helfrich and Alma L. Helfrich.

We have found, however, and we hereby hold, that petitioner had no intention of filing a joint return and did not in fact file a joint return with Carl W. Helfrich for the year 1947. The signature "Alma L. Helfrich" on the return is not hers. Furthermore, she did not authorize anyone to sign her name to the return; she did not know the return had been filed; she did not participate in its preparation; and the first time she saw it was in the collector's office in East St. Louis in 1952. See *Arlington F. Brown*, 24 T. C. 256; *Myrtle O. Calhoun*, 23 T. C. 4. Moreover, we are unable to find that the execution with Carl of a power of attorney and consent relating to 1947 taxes is an admission that the return was intended to be a joint return. Such execution would appear to be a proper course of action for any taxpayer whose tax liability for a certain year is questioned by the Commissioner whether or not any return had been filed.

In argument both parties have assumed that petitioner and Carl were co-owners of the apartment building during the year 1947, and therefore petitioner was entitled to a portion of the income therefrom. Petitioner testified that she received no part of the rentals and that she was unaware that she was entitled to share in them. Assuming that in 1947 petitioner was entitled to some portion of the income from the apartment building by reason of co-ownership, we are unable to find without more that the inclusion of this income in the return is

indicative of an intent to file a joint return. Cf. *McCord* v. *Granger*, 201 F. 2d 103. Moreover, we have held under similar circumstances that while it was incumbent upon the taxpayer to report her share of income from the property so held, the taxpayer was free to select the method of reporting it. She could have filed either a separate or joint return. Therefore, as petitioner herein did not intend to and did not in fact file a joint return she incurs no joint and several liability based on a joint return. Respondent has not asserted that petitioner is liable for any deficiency by reason of unreported separate income realized by her in the year 1947. Accordingly, the joint and several liability attributed to her in the deficiency notice is improper. *Myrtle O. Calhoun, supra; Elsie S. Bour*, 23 T. C. 237.

By reason of our conclusions as to issues 1 and 2 it becomes unnecessary to consider issue 3.

*Decision will be entered for the petitioner.*