ESTATE OF JAMES C. PEARSON, DECEASED, MILDRED PEARSON, PERSONAL REPRESENTATIVE, AND MILDRED PEARSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Pearson v. Commissioner
Docket No. 23299-85.
United States Tax Court
T.C. Memo 1988-366; 1988 Tax Ct. Memo LEXIS 393; 55 T.C.M. (CCH) 1525; T.C.M. (RIA) 88366; August 10, 1988. Mildred Pearson, pro se. Charles Baer, for the respondent. GOLDBERG
MEMORANDUM FINDINGS OF FACT AND OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code of 1986. [1]
*395 On April 10, 1985, respondent mailed a notice of deficiency to the Estate of James C. Pearson, Deceased, Mildred Pearson, Personal Representative, in which he determined a deficiency in Federal income tax for the taxable year 1975 in the amount of $ 6,685, together with additional interest pursuant to section 6621(d). On June 13, 1985, respondent mailed a second notice of deficiency to James C. Pearson (Deceased) and Mrs. Mildred E. Pearson, in which he determined a deficiency in Federal income tax for the taxable year 1982 in the amount of $ 3,774. Petitioners filed a timely petition with this Court in which they disputed the deficiencies for both years. However, they failed to contest the adjustments to income which gave rise to the 1975 deficiency and the additional interest under section 6621(d). The petition also failed to allege any facts with regard to the adjustments. Therefore, the adjustments for 1975 are deemed conceded by petitioners. Rule 34(b)(4),(5); Jarvis v. Commissioner,78 T.C. 646, 658 (1982). On August 3, 1987, the parties filed a stipulation of settled issues, which effectively eliminated the deficiency for the taxable year 1982. Therefore *396 the sole issue remaining for decision is whether section 6512(b)(2) required respondent to send a notice of deficiency for 1975 to both spouses where a joint Federal income tax return was filed for that year. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner Mildred Pearson resided in Tampa, Florida when she filed the petition with this Court. James C. Pearson, now deceased, (decedent) and Patricia C. Pearson, decedent's former wife, filed a joint Federal income tax return for 1975. On this return, the couple subtracted a total income tax liability of $ 2,859 from $ 11,995 of Federal income tax withheld, and claimed a $ 9,136 refund. They filed the return on August 12, 1976, pursuant to two extensions of time to file which extended the filing date to August 15, 1976. The decedent separated from Patricia C. Pearson before the return was filed. Prior to the couple's divorce in January 1978, the divided the proceeds of the joint refund check pursuant to a November 10, 1976 order of the Circuit Court of Florida for Palm Beach County. In March 1979, the decedent *397 and Patricia C. Pearson executed a Form 872 -- Consent to Extend the Time of Assess Tax, extending the period of assessment of taxes for the 1975 taxable year until June 30, 1980. The address shown on the Form 872 was 140 Seaspray Avenue, Palm Beach, Florida. Before the extended period of assessment expired, respondent mailed a Form 872-A -- Special Consent to Extend the Time to Assess Tax, to the decedent and Patricia C. Pearson at 140 Seaspray Avenue, Palm Beach, Florida. The Form 872-A was signed only by the decedent on February 20, 1980. After respondent became aware that the Pearsons were divorced, he mailed a second Form 872-A to "James C. and Patricia C. Pearson" at P.O. Box 2129, Palm Beach, Florida. The Form 872-A was signed by Patricia A. Clark on April 25, 1980. However, because the Form 872-A was executed by the decedent's former wife using a different name, it was not executed on behalf of respondent. The decedent and Mildred Pearson were married on march 30, 1980. After the decedent's death on November 18, 1982, Mildred Pearson was appointed personal representative of his estate. On July 20, 1984, Mildred Pearson wrote a letter to respondent in which she explained *398 that she was the personal representative of the Estate of James C. Pearson, Deceased. Enclosed in the letter was an executed Form 56 -- Notice Concerning Fiduciary Relationship, requesting that all notices regarding all taxes be sent to her as personal representative of the Estate of James C. Pearson, Deceased. The notice of deficiency regarding the decedent's income tax liability for 1975 was mailed to Mildred Pearson, Personal Representative, on April 10, 1985. OPINION Petitioners argue that section 6212(b)(2) requires respondent to send a notice of deficiency to both spouses where a joint return has been filed. Petitioners further argue that if respondent fails to do so, and such failure results in potential liability to an innocent third party (Mildred Pearson, the decedent's second wife), respondent's claim for taxes is defeated. As a general rule, a husband and wife are jointly and severally liable for any tax or deficiency owed on a joint income tax return. Section 6013(d)(3); Gordon v. United States,757 F.2d 1157, 1160 (11th Cir. 1985); Garfinkel v. Commissioner,67 T.C. 1028, 1030 (1977); Dolan v. Commissioner,44 T.C. 420, 426 (1965). *399 One of the fundamental characteristics of joint and several liability is that the obligee (respondent) may proceed against the obligors (joint taxpayers) separately and may obtain separate judgments against each. Dolan v. Commissioner, supra at 427. Thus, in the Federal income tax context, respondent is entitled to have the tax obligation satisfied only once. A spouse may avoid liability for the tax owed by showing that a joint return was not made, that her signature was obtained through duress or deception, or that she qualified for relief under the innocent spouse provisions of section 6013(e). Brown v. Commissioner,51 T.C. 116 (1968); Calhoun v. Commissioner,23 T.C. 4 (1954). [2] Inasmuch as petitioners make none of these arguments, none of these exceptions apply. In any event, none of these exceptions would aid petitioner Mildred Pearson individually because she did not file a joint return with the decedent for 1975.
In the instant case, the decedent and Patricia C. Pearson filed a joint return for 1975. Having filed the joint return, they *400 are jointly and severally liable for the tax according to the express terms of section 6013(d)(3). Once respondent determined that there was a deficiency, he was authorized to send a notice of deficiency to either or both of the spouses who signed the joint return. Sec 6212(b)(2); Garfinkel v. Commissioner, supra at 1031-1032; Dolan v. Commissioner, supra at 427-428. Under these circumstances, section 6212(b)(2) does not require respondent to send a notice of deficiency to both spouses where a joint return was filed. Petitioners also contend that due to the circumstances in this case, they are entitled to equitable relief. They argue that because respondent failed to send a notice of deficiency for 1975 to the decedent's former wife, the decedent's estate must assume sole responsibility for the payment of the tax and the additional interest thereon. The decedent's former wife, although a joint obligor, is nevertheless relieved of any liability. Petitioners conclude that this situation is unfair and respondent was somehow derelict in his duty by either (1) failing to mail a notice of deficiency to Patricia A. Clark (formerly Patricia C. Pearson); *401 or (2) permitting the statute of limitations for 1975 to expire as to Patricia A. Clark. First, there is no evidence in the record to indicate that respondent acted in such a manner. Second, we are a Court of limited jurisdiction. As such, we can only exercise powers conferred on us by statute. See section 7442. We cannot grant equitable relief by enjoining the collection of tax. Kellogg v. Commissioner,88 T.C. 167, 176 (1987); see Estate of Rosenberg v. Commissioner,73 T.C. 1014, 1017-1018 (1980), and cases cited therein. If there exists a cause of action against the decedent's former wife for contribution or otherwise, petitioners must seek satisfaction in another forum. To reflect the foregoing, Decision will be entered for the respondent for 1975 and for the petitioners for 1982.
Footnotes
1. Hereinafter, all section references are to the Internal Revenue Code of 1954, as amended and as in effect in the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. ↩
2. See also Wiener v. Commissioner,T.C. Memo. 1971-56↩.