OTTO E. SEBOLD and JUTTA M. SEBOLD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sebold v. Commissioner
Docket No. 2250-85.
United States Tax Court
T.C. Memo 1988-287; 1988 Tax Ct. Memo LEXIS 314; 55 T.C.M. (CCH) 1196; T.C.M. (RIA) 88287; June 29, 1988
Otto E. Sebold and Jutta M. Sebold, pro se. Jane Wilson, for the respondent. JACOBS
*316 MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined a deficiency in Otto and Jutta Sebold's 1981 Federal income tax in the amount of $ 9,939 and additions to tax under sections 6651 (a) (1), [1] 6653 (a) (1) and 6653 (a) (2) in the respective amounts [2] of $ 1,465, $ 497 and 50 percent of the interest due on the underpayment. At trial, it was revealed that Mr. Sebold signed his estranged wife's name to their purported joint income tax return for 1981, as well as to the petition filed in this case. [3] Mrs. Sebold did not authorize him to sign her name nor did she consent or intend to file a joint tax return or petition with her husband. Based on the aforementioned revelation, we dismiss the case with respect to Mrs. Sebold, and respondent concedes that she is not liable for any of the deficiencies or additions to tax. By an amended answer to the petition, respondent *317 also seeks an increase in the deficiency and additions to tax against Mr. Sebold. As increased, the deficiency asserted against Mr. Sebold totals $ 14,849 and the additions to tax are $ 2,209 under section 6651 (a), $ 742 under section 6653 (a) (1) and 50 percent of the interest due on the increased underpayment under section 6653 (a) (2). [4]
After concessions, the issues for consideration are: (1) whether Otto Sebold (hereinafter referred to as petitioner) is entitled to business expense deductions in excess of those allowed by respondent; (2) whether petitioner is entitled to use tax rates applicable to married individuals filing joint returns in computing his 1981 Federal income tax liability; (3) whether petitioner is liable for the addition to tax for failing to file a timely return; and (4) whether petitioner is liable for the additions to tax for negligence. FINDINGS OF FACT Petitioner resided in New York, New York at the *318 time he filed the petition herein. During 1981, petitioner was employed as an engineer by Dermott Reddy, P.C.; he received wages in the amount of $ 39,006 from this employment. He also received $ 2,640 as a self-employed engineering consultant. Petitioner filed a purported joint income tax return for 1981 with Mrs. Sebold on June 25, 1981; it was received by respondent's Holtsville, New York Service Center on June 28, 1982. He did not request an extension of time to file his 1981 tax return beyond the April 15, 1982 due date. [5] On Schedule C (Profit or Loss from Business or Profession) of the 1981 return, petitioner deducted the following expenses with respect to his consulting activity: Deduction
Amount
Bad Debt
A $ 33,000
Rent
B 3,900
Checking Account
48
Service Charge
Dues and Publications
C   555
Storage and Moving
D   283
Payments to five individuals
E 9,071
Telephone
F 1,183
Cleaning
G   260
Office Supplies and Postage
H   333
Entertainment
I 1,445
Total
$ 50,078
*319 A Petitioner concedes this deduction.
B Petitioner used a room in an eight-room apartment which he shared with another tenant to conduct his consulting activity. He also lived in the room. Petitioner concedes $ 300 of this deduction.
C A portion of this expense represents the cost of having the New York Times delivered to petitioner's apartment.
D A substantial portion of this expense consists of the cost of moving a desk to an address that was not petitioner's business address.
E None of the five individuals were employees of petitioner. He contends that these payments were "advance commission payments." However, in correspondence with respondent, petitioner explained that payments to three of the individuals were for "financial support to friends without income."
F This includes payments made on a delinquent 1979 telephone bill as well as payments incurred in making long-distance calls to petitioner's relatives. Petitioner concedes $ 50 of this deduction.
G This represents petitioner's share of the cost of retaining a maid to clean the apartment which he leased. Petitioner concedes this deduction.
H Respondent concedes $ 30 of this deduction. *320 I Petitioner concedes $ 500 of this deduction. Petitioner maintained a diary in which his various expenses were listed; however, there was no designation as to which expenses were personal and which were for business. In addition, his records do not state the business purpose for the expenditures, and with respect to alleged business entertainment expenses, the business relationship of those individuals entertained. Petitioner did not maintain a separate business checking account, nor did he have a telephone listing for his consulting activity. Respondent disallowed the claimed expenses on the basis that (1) petitioner failed to prove that such expenses were ordinary and necessary business expenses and (2) petitioner failed to substantiate the claimed expenses. Respondent also asserts that petitioner is liable for additions to tax for failing to file a timely tax return and for negligence. OPINION The first issue for consideration is whether petitioner is entitled to the claimed Schedule C deductions. At the outset, we note that deductions are a matter of legislative grace, and taxpayers are required to maintain and present for examination books and records to support *321 their claims. New Colonial Ice Co. v. Helvering,191 U.S. 435, 440 (1934). Further, respondent's determinations are presumptively correct, and petitioner bears the burden of proving otherwise. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142 (a). Section 162 (a) [6] permits the deduction of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. However, to be deductible, the expenses must be directly related to the taxpayer's trade or business. Sec. 1.162-1 (a), Income Tax Regs. Personal, living or family expenses are not deductible. Section 262. *322 With the exception of his use of the room in his apartment, petitioner failed to prove that the claimed expenses were directly related to his consulting business. Many of the expenses recorded in petitioner's diary were personal; he did not attempt to separate business from personal expenses. [7] Accordingly, we sustain respondent's disallowance of these deductions. [8]
We believe petitioner used his room on occasion as a home office in the course of conducting his consulting business. However, in order for expenses associated with a home office to be deductible, the home office must be used exclusively, and on a regular basis, in the taxpayers business. [9] Here, such was not the case. Accordingly, we sustain respondent's denial of petitioner's claimed deduction *323 for the rent on his apartment. We now turn our attention to whether petitioner is entitled to use tax rates applicable to married individuals filing joint returns in determining his 1981 income tax liability. Section 6013(a). To be entitled to the favorable joint return tax rates, a joint return must be filed. Thompson v. Commissioner,78 T.C. 558, 561 (1982). Here, no valid joint return was filed since the signature which purports to be that *324 of petitioner's wife was not hers and she did not authorize petitioner to sign or file a joint return on her behalf. Januschke v. Commissioner,48 T.C. 496 (1967); Helfrich v. Commissioner,25 T.C. 404 (1955). Since a valid joint return was not filed, petitioner is not entitled to calculate his 1981 tax liability by use of joint return tax rates. The next issue for consideration is whether petitioner is liable for the addition to tax under section 6651 (a) (1) [10] for failure to timely file his 1981 return. Again, petitioner bears the burden of disproving respondent's determination. BJR Corp. v. Commissioner, 67, T.C. 111, 130 (1976). *325 Petitioners' 1981 return was due to be filed on April 15, 1982. Section 6072 (a). It was not received by respondent's Holtsville, New York Service Center until June 28, 1982. Petitioner did not request an extension to file his 1981 tax return beyond the April 15, 1982 due date, although he did inform respondent that his 1981 return would be "about 10 days late." In fact, petitioner's 1981 tax return was more than 70 days late. Reasonable cause was not given by petitioner for his failure to timely file his 1981 income tax return. [11] Accordingly, we sustain respondent's determination with respect to the addition to tax under section 6651 (a) (1) for failure to file a timely return. The final issue for consideration is whether petitioner is liable for the additions to tax provided under sections 6653 (a) (1) and (a) (2) [12] for negligence or intentional disregard *326 of rules and regulations. Again, respondent's determination is presumptively correct. Svedahl v. Commissioner,89 T.C. 245 (1987); Rule 142 (a). *327 Under section 6653 (a), negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner,85 T.C. 934, 947 (1985). Among the expenses which petitioner sought to deduct were the cost of having a maid clean his apartment, the cost of long-distance telephone calls to relatives, payments to friends in financial need, and the rent on his apartment. A reasonable and ordinarily prudent person would not seek to deduct such obviously personal expenses. Accordingly, we sustain respondent's determination with respect to the additions to tax for negligence. To reflect the foregoing and the concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Amounts rounded to the nearest dollar. ↩
3. Mr. and Mrs. Sebold were divorced in 1982. ↩
4. The asserted increases result from Mr. Sebold's 1981 tax liability being computed on the basis of a married individual filing separately. Respondent initially based his deficiency on rates applicable to a married individual filing jointly. ↩
5. On April 15, 1982, petitioner wrote a letter to the Internal Revenue Service stating that because of his traveling and his divorce, he would be filing his 1981 tax return "about 10 days late."↩
6. Section 162 (a) provides, in relevant part, as follows: (a) IN GENERAL. -- There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including -- (1) a reasonable allowance for salaries or other compensation for personal services actually rendered; (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and (3) rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity. * * * ↩
7. Petitioner also failed to adequately substantiate his entertainment expenses pursuant to section 274 (d), and section 1.274-5, Income Tax Regs.↩
8. We have considered, but rejected, allowing petitioner any portion of the claimed expenses under Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). Furthermore, for those expenditures to which section 274 applies the Cohan↩ rule does not come into play. 9. Section 280A generally provides that no deduction shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable years as his residence; however, section 280A (c) (1) carves out certain exceptions to this rule. As is relevant herein, section 280A (c) (1) limits deductions for home office business expenses to the following specific situations: [A] portion of the dwelling unit which is exclusively used on a regular basis -- (A) as the principal place of business for any trade or business of the taxpayer, (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, ↩
10. Section 6651 (a) provides as follows: SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax. -- In case of failure -- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; ↩
11. On June 6, 1982, petitioner wrote the Internal Revenue Service, at Albany, stating that due to his divorce on February 27, 1982, he had not received 1981 tax forms. The fact that petitioner did not receive tax forms in the mail is not, in our opinion, reasonable cause for his failure to timely file a tax return. ↩
12. SEC. 6653. (a) NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS WITH RESPECT TO INCOME, GIFT, OR WINDFALL PROFIT TAXES. -- (1) IN GENERAL. -- If any part of any underpayment (as defined in subsection (c) (1)) of any tax imposed by subtitle A, by chapter 12 of subtitle B or by chapter 45 (relating to windfall profit tax) is due to negligence or intentional disregard of rules or regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. (2) ADDITIONAL AMOUNT FOR PORTION ATTRIBUTABLE TO NEGLIGENCE, ETC. -- There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601 -- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to the negligence or intentional disregard referred to in paragraph (1), and (B) for the period beginning on the last date prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of the payment of the tax). ↩