*Decision will be entered under Rule 50.*

HAL E. ROACH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 29256, 36156, 42069. Promulgated September 23, 1930.

920

*A. Calder Mackay, Esq., Benjamin W. Shipman, Esq.*, and *George M. Thompson, C. P. A.*, for the petitioner.

*James L. Backstrom, Esq.*, and *C. H. Curl, Esq.*, for the respondent.

924

OPINION.

VAN FOSSAN: Respondent has disallowed as deductions from the income of Hal E. Roach Studios, a corporation, part of the expense paid by that company for operating and maintaining the yacht *Gypsy*, and has added such sums to the personal income of Hal E. Roach, the president of the corporation. The theory apparently underlying this action is that the expenditures were made by the corporation for the benefit of petitioner individually. In other words, respondent holds that petitioner constructively received income in the several years in the amounts elsewhere stated. We have taken occasion to say in other cases that the doctrine of con-

structive receipt is one to be applied sparingly. It is only in unique circumstances and a clear case that the invoking of this doctrine will be approved. Here we do not find such a case.

The evidence is that the yacht was purchased by the corporation solely for business purposes and was so used when needed. It was also used by various persons for pleasure, among these being Roach's father, the treasurer of the company, the directors, actors, and actresses, and others in the company. It was used by these persons much more than by Roach. The pleasure afforded such persons was personal to them. In no sense can it be said to have been for the benefit of petitioner. Roach owned another boat in his personal capacity, one more suitable to his tastes, and used it much more frequently. If respondent's theory is correct, the additions to income should have been apportioned to all of the various persons who used the boat for pleasure. We do not believe the evidence justifies respondent's determination or the application of the doctrine of constructive receipt.

The second issue deals with deductions claimed by petitioner for expenditures alleged to have been made on behalf of the corporation of which he was president, but not reimbursed to him by the corporation.

It is conceivable that Congress might have imposed a tax on gross income, inequitable though it would be. It chose, however, to place the tax on net income and indicated how the same was to be determined. The successive statutes define " net income " as gross income less certain specified deductions. Obviously, there must be a direct relationship between gross income and the several allowable deductions. The deductions are personal to the taxpayer, and one taxpayer may not take deductions properly belonging to another. A similar rule should apply, we believe, where one spends money for the benefit of another and is not reimbursed.

Roach testified in effect that all of the money spent by him was in his capacity of president of Hal E. Roach Studios, a corporation. The parties thereafter occupied the position of debtor and creditor. The money should have been reimbursed to Roach by the corporation. The corporation would then have been in a position to claim the deduction as ordinary and necessary expenses. In this manner its net income might more correctly have been determined. This was not done, however. Though petitioner claims that he spent the money as president and for the benefit of the corporation, he was not reimbursed. The reason does not appear. He thereupon claimed the deductions on his individual return. In our opinion this he had no right to do. For his services as president, petitioner was paid a large salary. These were not, however, ordinary and

necessary expenses of earning his salary as president. They were, if at all, ordinary and necessary expenses of the corporation which he served. The fact that he and his wife owned all of the stock of the corporation is immaterial. The corporation was a separate taxable entity, chargeable with its own income and entitled to its own deductions. Nor is it important that the corporation, if it now reimbursed Roach, might be barred from claiming the deductions. This is a hardship of its own making.

We are of the opinion that petitioner is not entitled to the deductions claimed.

There is a further reason why, if otherwise allowable, we would be compelled to disallow the deductions claimed. Petitioner's claims are couched in terms of bare estimates and are supported by little satisfactory evidence.

Though the moving picture industry bears a reputation for lavish expenditures and has its own standards of necessity, this fact does not permit us to vary the tests of evidence applicable to the cases before us.

Roach testified that he was the sole entertainment committee of the Hal E. Roach Studios; that it was necessary in his business as president of the studios to be known as " a good fellow " and to secure publicity by joining clubs, by playing polo and by giving expensive entertainments. At the hearing there were received in evidence a large number of checks drawn to the order of the various clubs to which petitioner belonged. They were drawn during the several years in question. The total of these checks for the respective years was in no case the same as the total claimed by the petitioner as a deduction for club and entertainment expenses during said year. The clubs to the order of which the checks were drawn included polo clubs, golf clubs and other clubs of a varying character. The petitioner kept no account of his so-called business entertainment expenses, but all the amounts claimed were estimated. The checks included amounts paid for club initiation fees, the cost of lunches, dinners, and the entertainment of friends and persons connected with the moving picture industry, and at least one was for a contribution for taking a string of polo ponies to Philadelphia. The petitioner claims that, although personal pleasure was involved in the purposes for which he made these expenditures, yet they were at the same time made for the purposes of his business. He was unable to specify what amount was for business, and merely stated that a " large part " was " for business." He was asked if he could make any segregation of these expenditures as between business and personal pleasure and said that such a segregation would be only a " wild guess." See *P. S. Thorsen Co.*, 15 B, T. A. 1281, as to evidence of this character.

Petitioner's claim for deduction of alleged travel and entertainment expense while on trips to various "key" cities are founded in similar evidence. When he traveled the Hal E. Roach Studios furnished him with a round-trip ticket, but the cash he spent was, according to his testimony, drawn from his personal bank account. He claims that he spent for necessary expenses while traveling, including entertainment, $5,200 or more during each of the years in question. The sum of $9,000 was claimed as expenses of three trips to New York, aggregating a total of 66 days. These amounts were estimated by him and he testified that the estimates were based on the checks he had drawn while on said trips. He testified that the trips were taken for business but in no case did he state the specific nature of the business or its necessity. The money spent by him included the cost of entertainment of his friends and business associates, rides in aeroplanes, taking a group of friends from New York to Chicago to the Dempsey-Tunney prize fight, including the cost of a portion of a private car, trips to race tracks, theatre tickets and similar expenses. No evidence whatever was offered to show what part of these expenditures was personal and what part for necessary business. Any attempt on our part to segregate these estimated expenditures and to determine what, if any, part thereof was necessary expense of business would be sheerest speculation. The evidence is not sufficient for us to compute any amount or make even a "jury verdict" in petitioner's favor.

For the foregoing reasons we hold that the petitioner in these proceedings has failed to prove that the respondent erred in respect to this issue.

*Judgment will be entered under Rule 50.*