JOHN SINGLE, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Single v. Commissioner
Docket No. 35048-87.
United States Tax Court
T.C. Memo 1988-549; 1988 Tax Ct. Memo LEXIS 578; 56 T.C.M. (CCH) 762; T.C.M. (RIA) 88549; November 30, 1988; As amended December 7, 1988 *578 P and his wife jointly filed state income tax returns for 1983. When the jointly payable refund checks arrived at P's home in 1984, P and his wife were undergoing marital discord. P's wife withheld the state refund checks and failed to turn any proceeds over to P. In 1985, P's wife obtained a court order requiring P's credit union to accept P's wife's signature on the checks. The court designated the funds as emergency financial relief to P's wife in 1985. P also omitted dividend income from his 1984 return. Held: P did not constructively receive income from the state refund checks in 1984 since he did not receive the funds and did not authorize his wife to withhold the funds. Further held, that P is liable for negligence for failure to report dividend income. James B. Lewis, and Edwin Lubin, specially recognized, for the petitioner. William R. Davis, Jr., for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) of the Code and Rules 180, 181 and 182. [1]
FINDINGS OF FACT In his notice of deficiency, dated July 22, 1987, respondent determined a deficiency of $ 1,422 in petitioner's 1984 Federal income tax, and additions to tax under section 6653(a) in the amount of $ 46 [2] and section 6653(a)(2) in the *580 amount of 50 percent of the interest due on the deficiency. After concessions, the issues remaining for decision are: (1) Whether refunds of two checks in payment of state income tax refunds mailed to petitioner and his wife as joint payees were constructively received, in whole or in part, by petitioner and thus includible in income; and (2) Whether petitioner is subject to the addition to tax under section 6653(a)(1) and (2) for failing to report dividends received. [3]
Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of filing the petition herein, petitioner resided at Yorktown Heights, New York. In August 1984, petitioner, an employee of I.B.M. Corporation, and his wife, Suzanne Single, jointly filed their Federal, New York State and Minnesota State income tax returns. *581 The state income tax returns reflected refunds due of $ 2,552 and $ 876, respectively. Sometime in August 1984, hostility arose between petitioner and Suzanne Single. Petitioner and his wife remained in the marital residence; however, they resided in different quarters. In October 1984, Suzanne Single commenced litigation against petitioner in the Family Court of the State of New York for the County of Westchester. Also, in October 1984, refund checks from petitioner's and Suzanne Single's 1983 tax overpayment from New York and Minnesota were delivered to the family residence. The refund checks were payable to petitioner and Suzanne Single, jointly. Petitioner never received physical possession of the checks and was apparently unaware that they had been delivered to the residence. Suzanne Single took physical custody of the two refund checks, but did not immediately cash them. At some point, petitioner contacted New York state authorities to determine why he had not received his refund check. He was advised that the refund had been sent to his residence. At that time, he realized that his wife had received the checks without his knowledge. Arguments ensued between petitioner *582 and his wife concerning the disposition of the checks. On September 13, 1985, petitioner moved out of the marital residence and Suzanne Single immediately filed an application for emergency family relief. On October 1, 1985, the Family Court ordered the I.B.M. Credit Union to accept Suzanne Single's signature as endorsement on the state refund checks which were payable to petitioner and his wife jointly. The funds were designated by the court as emergency financial relief to Suzanne Single. Pursuant to the order of the Family Court, Suzanne Single cashed the two refund checks. OPINION A taxpayer who reports income under the cash method must report income for the taxable year when actually or constructively received. Section 1.451-2(a), Income Tax Regs.
Income * * * is constructively received by [a taxpayer] in the taxable year during which it is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time, or so that he could have drawn upon it during the taxable year * * * Section 1.451-2(a), Income Tax Regs. Additionally, for income to be constructively received, the taxpayer must have control over its disposition, *583 and the income must not be subject to substantial limitations or restrictions. Section 1.451-2(a), Income Tax Regs.
Petitioner argues that this case is comparable to Alsop v. Commissioner,290 F.2d 726 (2d Cir. 1961). In Alsop, the court held that royalties embezzled by a literary agent of the taxpayer, an author, were not income until recovered from the agent years later. Alsop involved a crime by which the funds were, in essence, stolen from the taxpayer and a judgement was obtained against the agent. While there was no theft of the refund checks here, Suzanne Single did withhold the funds from petitioner in 1984. Under the laws of New York, neither a husband nor a wife may exclude the other from enjoyment or benefits of jointly held property. (N.Y. Gen. Oblig. Law § 3-301 (McKinney 1963)); Bour v. Commissioner,23 T.C. 237, 240 (1954). Thus, while each spouse had a right to the refund checks, Suzanne Single's actions made it impossible for petitioner to have access to any portion of the funds in 1984. In Wiener v. Commissioner,T.C. Memo. 1971-56, the taxpayer's wife received a refund *584 check payable to the taxpayer and his wife jointly. The wife cashed the check signing the taxpayer's name and the taxpayer did not receive any of the proceeds. We found in that case that the taxpayer constructively received the proceeds since the taxpayer authorized his wife to endorse his name on the check and retain the proceeds. Based on this record, we do not believe that petitioner should be charged with having received income from the refund checks in 1984. Application of the doctrine of constructive receipt should be applied sparingly. Thomas v. Commissioner,44 B.T.A. 735, 738 (1941); Roach v. Commissioner,20 B.T.A. 919, 924-925 (1930). [4] While petitioner had some expectation of the receipt of state income tax refunds, the timing was not certain. In fact, petitioner contacted New York State authorities after the refund check was due to ascertain why he had not yet received the funds. After this inquiry, he realized that his wife had received the refund checks. During 1984, Suzanne Single did not turn over any portion of the refund checks to petitioner. Petitioner did not authorize his wife to retain, withhold or cash the checks. *585 Cf. Wiener v. Commissioner, supra.Suzanne Single did eventually obtain authority to cash the checks from the Family Court. However, this occurred in 1985, a year not before us. Accordingly, we find that petitioner did not constructively receive the state income tax refunds in 1984. The final issue is whether petitioner is liable for the additions to tax for negligence or intentional disregard of rules and regulations under section 6653(a)(1) and (2). Petitioner bears the burden of proving that he is not liable for the additions to tax. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972); Enoch v. Commissioner,57 T.C. 781, 802-803. For purposes of section 6653(a)(1) and (2), negligence is defined as the lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner,85 T.C. 934, 947 (1985). Petitioner conceded that he received dividends, and that the dividend income was omitted from his return. In light of petitioner's failure to explain his omission, *586 he failed to carry his burden. Respondent's addition to tax for negligence will be sustained. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect during the year in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In his trial memorandum, respondent conceded $ 31.00 of the section 6653(a)(1) addition and thus claimed that the amount in dispute was $ 15.↩
3. Petitioner conceded that he received dividends from I.B.M. Corporation in 1984 that he did not report on his 1984 Federal income tax return.↩
4. See also Davis v. Commissioner,T.C. Memo. 1978-12↩.