T.C. Memo. 1999-94


UNITED STATES TAX COURT


THOMAS M. AND DOLORES F. GOMEZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16207-96.          Filed March 25, 1999.


Thomas M. Gomez, pro se.

<u>Sandy Hwang</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


MARVEL, <u>Judge</u>:  Respondent determined a deficiency in petitioners' Federal income tax in the amount of $10,299 and an accuracy-related penalty under section 6662(a)[1] in the amount of $2,060 for the taxable year 1993.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts are rounded to the nearest dollar.

The issues for decision are as follows:

(1) Whether petitioners are entitled to deduct unreimbursed employee business expenses in the amount of $34,120 as claimed on their 1993 Federal income tax return;

(2) whether petitioners are entitled to deduct additional charitable contributions in excess of the amount allowed by respondent for 1993; and

(3) whether petitioners are liable for the accuracy-related penalty authorized by section 6662(a) with respect to the aforementioned deductions.

We hold that petitioners are not entitled to the deductions claimed in excess of the amount allowed by respondent and that petitioners are liable for the accuracy-related penalty under section 6662(a).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts with attached exhibits is incorporated herein by this reference.

Thomas M. Gomez (petitioner) and Dolores F. Gomez resided in La Habra, California, during 1993 and at the time they filed their petition in this case.

### Unreimbursed Employee Business Expense Deduction

During the first quarter of 1993, petitioner was employed as a salesman for Information Handling Services (IHS) of Englewood, Colorado. IHS had a company policy of paying its sales personnel a $600 monthly allowance for automobile expenses. In accordance

with that policy, IHS paid petitioner $1,800 in automobile allowances during 1993. IHS also had a company policy of reimbursing its sales personnel for all ordinary and necessary business expenses upon submission of periodic expense reports. During the first quarter of 1993, petitioner prepared and submitted to IHS periodic expense reports for expenses incurred in 1993. IHS reimbursed him $2,129 for his 1993 employee business expenses in addition to the automobile allowance.

Starting in April 1993, petitioner was employed as a salesman for the Human Resource Information Group (HRIG), a division of ETSI, Inc., of Gaithersburg, Maryland. HRIG had a company policy of reimbursing all ordinary and necessary business expenses incurred by its employees. During 1993, petitioner prepared and submitted to HRIG periodic expense reports for expenses incurred in 1993. HRIG reimbursed him $23,044 for his 1993 employee business expenses.

On their 1993 joint income tax return, petitioners claimed a deduction of $35,667 for unreimbursed employee business expenses.[2]

Charitable Contribution Deduction

On their 1993 return, petitioners claimed a deduction for charitable contributions as follows:

| | |
|---|---|
| La Habra Christian Church | $9,286 |
| Pacific Christian College | 4,800 |
| Angeles Christian College | 4,800 |
| Calvary Chapel | 7,200 |
| Total deduction claimed | 26,086 |

The amount of the charitable contribution deduction for 1993 was estimated by petitioner and given to the return preparer who prepared petitioners' 1993 return. Petitioners did not maintain any documentation regarding the contributions claimed.[3]

---

[2]The deduction was calculated as follows:

| | |
|---|---|
| Form 2106 employee business expenses | $12,048 |
| Meals and entertainment expense | 8,500 |
| Less 20% reduction | (1,700) |
| Other business expenses | |
| Fares | 7,346 |
| Lodging | 7,573 |
| Miscellaneous expenses | |
| Telephone bills | 1,900 |
| Total unreimbursed employee business expenses | 35,667 |

[3]Two of the charitable organizations listed on the return--Pacific Christian College and La Habra Christian Church--had no record of any charitable giving by petitioners during 1993. The record is silent with respect to the other organizations listed on petitioners' 1993 return.

The Notice of Deficiency

Following an examination of petitioners' 1993 return, respondent issued a notice of deficiency disallowing all of the deduction for unreimbursed employee business expenses and all but $1,300[4] of the deduction claimed for charitable contributions due to lack of substantiation. Respondent also determined that petitioners were liable for the accuracy-related penalty authorized by section 6662.

OPINION

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to the claimed deductions. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 115 (1933). With this well-established proposition in mind, we must determine whether petitioners have satisfied their burden of proving that they are entitled to deductions for unreimbursed employee business expenses and charitable contributions in excess of the amount allowed by respondent.

---

[4]The parties stipulated that petitioners were entitled to a charitable contribution in the amount of $750 (30 donations of $25 each) to Calvary Chapel. According to respondent's Memorandum of Law, that amount was included in respondent's calculation of the $1,300 charitable contribution deduction allowed for 1993 in the notice of deficiency.

Issue 1.  Unreimbursed Employee Business Expense Deduction

In order to deduct unreimbursed employee business expenses, a taxpayer must satisfy the requirements of section 162, and, with respect to certain expenses, section 274.

Section 162(a) authorizes a deduction for all ordinary and necessary expenses paid or incurred during a taxable year in carrying on a trade or business.  An "ordinary" expense is one that relates to a transaction "of common or frequent occurrence in the type of business involved", Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a "necessary" expense is one that is "appropriate and helpful" for "the development of the petitioner's business", Welch v. Helvering, supra at 113.  A "trade or business" includes the trade or business of being an employee.  O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988); Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970).

In this case, petitioner satisfied the trade or business requirement of section 162 because he was in the trade or business of being an employee.  However, he failed to convince us that he had incurred ordinary and necessary employee business expenses in excess of those reimbursed to him by his employers.

Each of petitioner's employers in 1993 had a policy of reimbursing its employees for ordinary and necessary business expenses.  Pursuant to those policies, petitioner received $1,800 in automobile allowance and $25,173 ($2,129 from IHS and $23,044 from HRIG) in 1993 expense reimbursements.  Although petitioner introduced documentation of alleged business expenses at trial

which he claimed had not been reimbursed, he offered no credible explanation of why the expenses in question were not reimbursed or reimbursable under his employers' reimbursement policies.

When a taxpayer has the right to obtain reimbursement for his employee business expenses from his employer but fails to seek reimbursement, the taxpayer cannot deduct the expenses because it is not "necessary" for the taxpayer to remain unreimbursed.  See Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533; Roach v. Commissioner, 20 B.T.A. 919, 925 (1930)("[O]ne taxpayer may not take deductions properly belonging to another.  A similar rule should apply * * * where one spends money for the benefit of another and is not reimbursed").  In general, only those unreimbursed employee business expenses that are not reimbursable by the taxpayer's employer are deductible by the taxpayer under section 162.

Petitioner's attempt to deduct employee business expenses also must fail because petitioner did not satisfy the requirements of section 274.  Section 274 imposes additional stringent substantiation requirements for certain kinds of business expenses.  Section 274(d) provides, in pertinent part:

> SEC. 274(d). Substantiation Required.--No deduction or credit shall be allowed--
>
> (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home),
>
> (2) for any item with respect to an activity which is of a type generally considered to

> constitute entertainment, amusement, or
> recreation, or with respect to a facility used in
> connection with such an activity,
>
> *   *   *   *   *   *   *
>
> unless the taxpayer substantiates by adequate records
> or by sufficient evidence corroborating the taxpayer's
> own statement (A) the amount of such expense or other
> item, (B) the time and place of the travel,
> entertainment, amusement, recreation, or use of the
> facility or property, or the date and description of
> the gift, (C) the business purpose of the expense or
> other item, and (D) the business relationship to the
> taxpayer of persons entertained, using the facility or
> property, or receiving the gift.  * * *

The expenses petitioner deducted as unreimbursed employee business expenses consisted of meals and entertainment, travel, lodging, and telephone expenses.  For petitioner to prevail, he had to satisfy the substantiation requirements of section 274 with respect to all expenses claimed except the telephone expense.  He failed to do so.

Documentation for some but not all of the unreimbursed employee business expenses claimed was admitted into evidence in the trial of this case.  During cross-examination regarding the documentation, petitioner admitted that some of the expenses were included on his 1993 travel expense reports and had been reimbursed.  He also admitted that some of the expenses were really personal expenses.  As to all of the remaining expenses, petitioner failed to prove (1) the business purpose or nature of the expenses and (2) the reason, if any, why the expenses, even

if business related, were not included on his expense reports and reimbursed by his employers.[5]

We conclude, therefore, that petitioners failed to satisfy the requirements of sections 162 and 274. Respondent's determination on this issue is sustained.

Issue 2. Charitable Contribution Deduction

Petitioners claimed total charitable contributions for 1993 in the amount of $26,086. Of that amount, respondent allowed a charitable contribution deduction of $1,300 and disallowed the balance.

Subject to certain limitations,[6] section 170(a) authorizes a deduction for charitable contributions made to or for the use of organizations described in section 170(c) within a taxable year. However, a charitable contribution deduction is allowed only if it is verified under regulations prescribed by the Secretary. See sec. 170(a)(1).

---

[5]Although petitioner testified that one of his employers imposed a limit of $50,000 on the amount of expenses that would be reimbursed, the total amount of expenses claimed did not exceed that limit even if such a limit did exist. Petitioner did not testify which employer imposed the limit, nor did he call a representative of the employer as a witness. Letters from the employers, included as exhibits to the stipulation of facts, made no reference to any limit on reimbursement.

[6]Sec. 170(b)(1)(A) provides, in pertinent part, that, in the case of an individual, any charitable contribution to a church or an educational organization meeting certain requirements shall be allowed "to the extent that the aggregate of such contributions does not exceed 50 percent of the taxpayer's contribution base for the taxable year." Sec. 170(b)(1)(F) defines the term "contribution base" to mean adjusted gross income (computed without regard to any net operating loss carryback to the taxable year under sec. 172).

Section 1.170A-13(a), Income Tax Regs., provides that, if a contribution of money is made in a taxable year beginning after December 31, 1982, the taxpayer shall maintain, for each contribution, one of the following:

(1)  A canceled check;

(2)  a receipt, letter, or other communication from the donee charitable organization acknowledging receipt of the contribution and showing the name of the donee, the date of the contribution, and the amount of the contribution; or

(3)  in the absence of a canceled check or receipt from the donee organization, other reliable written records showing the name of the donee and the date and amount of the contribution.

In addition, the taxpayer must establish the reliability of the written records.  See sec. 1.170A-13(a)(2)(i), Income Tax Regs.

Petitioners have the burden of proving their entitlement to the charitable deductions claimed.  See Rule 142(a).  To do so, petitioners must substantiate their charitable contributions. See sec. 6001; Brown v. Commissioner, T.C. Memo. 1996-43; Paige v. Commissioner, T.C. Memo. 1994-638.  In this case, petitioners did not substantiate the charitable contributions claimed on their 1993 return in excess of those allowed by respondent. Petitioners kept no records regarding their 1993 contributions. In addition, petitioner's testimony regarding petitioners' charitable deductions was not credible.  Petitioner testified at trial that petitioners made a cash contribution of $5,000 to La

Habra Christian Church (also referred to as La Habra Episcopalian Church) during a stewardship dinner in January 1993 and that the funds to make the contribution were withdrawn from his bank account at the Certified Federal Credit Union the day before the dinner.[7]  However, La Habra Christian Church had no record of any charitable contribution, much less a substantial one, from petitioners during 1993.

Similar claims were made concerning alleged contributions to Calvary Chapel and/or Pacific Christian College.  Petitioner testified that petitioners made a cash contribution of $5,000 to Pacific Christian College in November 1993 and a cash contribution of $5,000 to Calvary Chapel[8] in December 1993. Petitioner also testified that, the day before each contribution was made, petitioner withdrew the cash to make the contribution from his bank account at Certified Federal Credit Union. However, Pacific Christian College, one of the alleged donees, had no record of any charitable contribution, much less a substantial one, from petitioners during 1993, and the record contains nothing to substantiate petitioner's testimony regarding the alleged $5,000 gift to Calvary Chapel.

_____

[7]We allowed the record to remain open for 30 days after completion of the trial to give petitioners an opportunity to submit documentation such as their bank records in support of their charitable contribution deductions.  Petitioners failed to produce the documentation.

[8]This testimony was not consistent with the listing of charitable contributions contained in petitioners' 1993 return.

We hold, therefore, that petitioners have failed to prove that they are entitled to any charitable deduction for 1993 in excess of that allowed by respondent.

Issue 3. The Accuracy-Related Penalty

The final issue that we must decide is whether petitioners are liable for the accuracy-related penalty authorized by section 6662.

Section 6662 authorizes the imposition of a 20-percent penalty on the portion of an underpayment of tax attributable to negligence or disregard of rules or regulations. For purposes of section 6662, the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code. See sec. 6662(c). Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. See sec. 1.6662-3(b)(1), Income Tax Regs. The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c).

Petitioners in this case did not make a reasonable effort to comply with the requirements of the Code or the regulations. They failed to maintain any records sufficient to support their entitlement to the deductions claimed. Failure to maintain documentation in support of claimed deductions has been held to constitute negligence or disregard of rules or regulations for purposes of section 6662. See Witherspoon v. Commissioner, T.C. Memo. 1994-593.

We conclude, therefore, that petitioners are liable for the accuracy-related penalty under section 6662.

<u>Decision will be entered for</u>

<u>respondent.</u>